UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JUL 2 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

GEORGE E. KERSEY )
Petitioner  P.O.B. 1093 )
 FRAMINGHAM, MA. )
v.           01701 )    Case: 1:07-mc-00302
             )    Assigned To : Kollar-Kotelly, Colleen
             )    Assign. Date : 7/23/2007
COMMISSIONER OF PATENTS )    Description: Miscellaneous
Respondent. )

**PETITION FOR REVIEW OF AN ORDER EXCLUDING GEORGE E. KERSEY,
FROM PRACTICE BEFORE THE UNITED STATES PATENT OFFICE**

Petitioner, GEORGE E. KERSEY ("KERSEY") hereby requests review on the record of the action dated June 27, 2007 of James A. Toupin, General Counsel ("Toupin") of the United States Patent Office, for the following reasons:

1. Kersey is in good standing as an Attorney at Law of New York and of New Jersey.

2. The action taken by Toupin is based, in part, on a wrongful disbarment of Kersey by New Hampshire on the grounds that Kersey had violated New Hampshire Rules 3.4 and 5.5, which he had not, as found by New Jersey in its reciprocal proceedings based on the wrongful New Hampshire disbarment.

3. Kersey's prior appeal was not to Toupin, as General Counsel, but TO THE COMMISSIONER PURSUANT TO 37 CFR 10.155. There is a clear conflict of interest since the attorneys representing the Patent Office against Kersey work for the General Counsel

1

4. In any event, it was improper for the General Counsel to decide the case on Summary Judgment, since there are disputed issues of fact in this case:

(a) Kersey was falsely disbarred by New Hampshire on the grounds that he had violated New Hampshire Rules of Professional Conduct 3.4 and 5.5, when Kersey can prove, at the hearing that he is entitled to have under the Rules, that he violated neither Rule, (as found by the Supreme Court of New Jersey) so that his disbarment by New Hampshire cannot have merit and cannot be considered on reciprocal discipline by the Patent Office.

(b) The original decision by the General Counsel incorrectly assumed that Kersey's appeal to the Federal Circuit (CAFC) in Proceeding No. 00-07 was no longer pending, contrary to fact. Moreover, Toupin's action has deprived KERSEY of the opportunity for a hearing which is specifically provided by the Regulations.

(c) In Proceeding No. 07 the final decision is that of November 14, 2001 since, as pointed out by Judge Nissen, in his communication of February 6, 2002, neither party filed an appeal within 30 days of the ALJ Decision, and that decision became final. As stated by the Court of Appeals for the Federal Circuit: "The time to file a notice of appeal is statutory, mandatory and jurisdictional. <u>Monzo v. Dep't of TransD. Fed- Aviation</u> Admin., 735 F.2d 1335, 1336 (Fed. Cir. 1984.)" The stated position of the CAFC is that when an "appeal was untimely filed, we must dismiss his appeal. <u>Pinat v. Office of Personnel Management</u>, 931 F.2d 1544, 1546 (Fed. Cir. 1991) (deadline for filing appeal or petition for review may not be waived)".

WHEREFORE the Toupin decision of June 27, 2007 affirming the exclusion of Kersey from practice before the Patent Office should be vacated and the case remanded to give

2

KERSEY an opportunity to present his defenses at a hearing as provided by the Patent Office Regulations.

                                    Respectfully submitted,
                          With the foregoing statements of fact by Kersey
                          made subject to the penalties for perjury

                                      _____
                                       George E. Kersey
                                       P.O. Box 1073
                                       Framingham, MA 01701
                                       (781) 581-5103

Dated: July 19, 2007