UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE E. KERSEY,<br><br>    Plaintiff<br><br>    v.<br><br>COMMISSIONER OF PATENTS,<br>U.S. PATENT AND TRADEMARK OFFICE<br><br>    Defendant. | Misc. Action No. 06-416 (EGS)<br><br>Misc. Action No. 07-302 (CKK) |

**DEFENDANT'S (1) MOTION TO DISMISS
OR IN THE ALTERNATIVE TO CONSOLIDATE
AND SUPPORTING MEMORANDUM
AND (2) NOTICE OF RELATED CASES**

    Defendant, Jon W. Dudas, the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("USPTO"), through his undersigned counsel, respectfully moves to dismiss as malicious Misc. Action No. 07-302 (CKK). In the alternative, Defendant moves to consolidate No. 07-302, pursuant to Local Civil Rule 40.5(d), into Misc. Action No. 06-416 (EGS). Both matters were filed by the same *pro se* Plaintiff and both allege overlapping predicate facts and seek overlapping relief. Local Rule 40.5(d) provides, in part, that a motion to consolidate two cases should be decided by the judge "to whom the earlier-numbered case is assigned," here Judge Sullivan. Counsel for Defendant contacted *pro se* Plaintiff by phone regarding this motion and Plaintiff indicated he opposed the motion and that the two matters are distinct.

**Background**

    On September 5, 2006, Plaintiff filed his "Petition for Review of an Order Excluding

George E. Kersey from Practice Before the United States Patent Trademark Office," dated August 19, 2007, in No. 06-416 (EGS), no. [1] (hereinafter "Plaintiff's Petition for Review"). Plaintiff's Petition for Review asserted errors in the USPTO's summary decision on August 3, 2006, including a conflict of interest by the USPTO General Counsel while participating in the decision. Plaintiff requested remand to the agency for a full hearing.[1]

On July 23, 2007, according to the PACER docket sheet in No. 07-302, Plaintiff filed another petition for review, but it does not appear that he ever served that document on the U.S. Attorney's Office. On November 28, 2007, in no. 07-302, Judge Kollar-Kottelly ordered Plaintiff to serve process by December 28, 2007. On December 27, 2007, this Office was served with Plaintiff's "Amended Petition and Complaint and Request for Jury Trial," dated December 22, 2007, and captioned "Misc. No. 07-302 (CKK)" (hereinafter "Plaintiff's Amended Petition for Review").[2] Plaintiff's Amended Petition makes the same allegations and challenges the same August 3, 2006, decision by the USPTO as Plaintiff's Petition for Review. The only material difference is that in the latter filing, Plaintiff added a Bivens count to his allegations.

In the meantime, that is on September 4, 2007, Plaintiff filed an Amended Petition, no. [10], in No. 06-416, dated August 21, 2007, that also has the additional Bivens count, and appears virtually identical to Plaintiff's Amended Petition for Review in 07-302, but for the fact

---

[1] In 2002, Plaintiff unsuccessfully challenged the USPTO's decision to suspend him for six months from practice before the agency. See Kersey v. Under Secretary of Commerce, No. 02-2331 (GK) (D.D.C. Jan. 31, 2005) (granting summary judgment to USPTO), aff'd, No. 05-1272 (Fed. Cir. Apr. 6, 2007).

[2] The fact that Plaintiff's Amended Petition for Review was dated December 22, 2007, which is several months after Plaintiff filed the action, suggests that Plaintiff never served the original version of his Petition on this Office.

that the version dated December 22, 2007, and filed in no. 07-302, has an additional paragraph 8 inserted into it, which paragraph is missing from the version dated August 21, 2007, and filed in No. 06-416. This added paragraph alleges error for the USPTO to refer Plaintiff's appeal to the USPTO's General Counsel and harm therefrom.

It does not appear from the docket sheet in either proceeding that Plaintiff filed a Notice of Related cases pursuant to Local Civil Rule 40.5(b). See also id. at (a)(3) (defining related cases to include cases filed by the same *pro se* plaintiff and, for represented parties, cases involving the "common issues of fact" or "the same event or transaction").

Now fully briefed and pending before the Court, in No. 06-416, is Defendant's motion to dismiss count two, i.e., the Bivens claims.

## **Argument**

Plaintiff's duplicative action in No. 07-302 should be dismissed outright as abusive or malicious. Although *pro se*, Plaintiff has practiced law for several years. See Kersey v. Undersecretary of Commerce, No. 02-2331 (GK) (D.D.C. Jan. 31, 2005); accord Petition for Review. Despite this, he has presented no reason to support his attempt to litigate the same claims before different judges of this Court at the same time. The insertion of extra paragraph 8 in the Amended Petition in 07-302, no. [10], adds little to the factual allegations and nothing to either the legal grounds asserted or the relief sought by Plaintiff. Accordingly, the duplication appears simply repetitive and such repetition of claims is one of the narrow categories of litigation behavior deemed malicious by the courts. See, e.g., Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine whether a

pleading repeats prior claims."). Hence, outright dismissal of the second-filed action is appropriate and would not prejudice Plaintiff's interests materially in light of the duplicate claims asserted in No. 06-416.

In the alternative, Plaintiff's second-filed case should, at a minimum, be consolidated into No. 06-416 or reassigned to the same judge. Under the Local Rule 40.5(a)(3), no. 07-302 is certainly a related case, on the basis of any of the three separate grounds cited above, i.e., same *pro se* plaintiff, common issues of fact, or same event. Given the virtually identical nature of the claims, it makes sense not just to transfer the case to the same judge, but also to consolidate them into one matter, per Local Rule 40.5(d).

A proposed order is attached.

February 5, 2008                                    Respectfully submitted,

                                                    JEFFREY A. TAYLOR, D.C. Bar # 498610
                                                    United States Attorney

                                                     /s/
                                                    RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                    Assistant United States Attorney

                                                     /s/
                                                    ALAN BURCH, D.C. Bar # 470655
                                                    Assistant United States Attorney
                                                    555 4th St., N.W.
                                                    Washington, D.C. 20530
                                                    (202) 514-7204
                                                    alan.burch@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that service of the foregoing Defendant's (1) Motion to Dismiss or in the Alternative to Consolidate and Supporting Memorandum and (2) Notice of Related Cases; and Proposed Order were served on *pro se* Plaintiff via first class mail addressed to:

George E. Kersey
P.O. Box 1073
Framingham, MA 01701

on this 5th day of February 2007.

                                                          /s/
                                          ALAN BURCH, D.C. Bar # 470655
                                          Assistant United States Attorney