UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ———————————————— | ) | |
| GEORGE E. KERSEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Misc. Action No. 06-416 (EGS) |
| | ) | |
| COMMISSIONER OF PATENTS, | ) | Misc. Action No. 07-302 (CKK) |
| U.S. PATENT AND TRADEMARK OFFICE | ) | |
| | ) | |
| Respondent. | ) | |
| ———————————————— | ) | |

**RESPONDENT'S AMENDED MOTION TO DISMISS AS MALICIOUS
OR IN THE ALTERNATIVE TO CONSOLIDATE**

Respondent, Jon W. Dudas, the Under Secretary of Commerce for Intellectual Property

and Director of the United States Patent and Trademark Office ("USPTO"), through his

undersigned counsel, respectfully amends his motion to dismiss as malicious Misc. Action No.

07-302 (EGS), docket entry no. [6].   In the alternative, Respondent moves to consolidate No. 07-

302, pursuant to Local Civil Rule 40.5(d), into Misc. Action No. 06-416 (EGS).  Both matters

were filed by the same *pro se* Petitioner and both allege substantially the same facts and seek the

same relief.

In a motion filed February 5, 2008, Respondent requested dismissal or, in the alternative,

consolidation.  In an order issued February 8, 2008, Judge Huvelle ordered the case transferred to

Judge Sullivan, but did not rule on Respondent's other requests for dismissal or consolidation

which, accordingly, remain pending.  The USPTO respectfully amends these requests to correct

an immaterial error in the original motion as filed, which error relates to service of process.

Counsel regrets the error and any inconvenience or confusion that may have been caused by the

error or the amended motion.

*Pro se* Petitioner is advised that if he fails to respond to this motion, the Court may grant this motion and dismiss his case because of the failure to respond.  See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988).

A proposed order and supporting memorandum are attached.

February 20, 2008                          Respectfully submitted,

 

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney


 /s/_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney


 /s/_____
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                          )
GEORGE E. KERSEY,                         )
                                          )
        Plaintiff                         )
                                          )
        v.                                )    Misc. Action No. 06-416 (EGS)
                                          )
COMMISSIONER OF PATENTS,                  )    Misc. Action No. 07-302 (CKK)
U.S. PATENT AND TRADEMARK OFFICE          )
                                          )
        Respondent.                       )
_____ )
```

**RESPONDENT'S MEMORANDUM IN SUPPORT OF AMENDED
MOTION TO DISMISS AS MALICIOUS
OR IN THE ALTERNATIVE TO CONSOLIDATE**

Respondent, Jon W. Dudas, the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("USPTO"), through his undersigned counsel, respectfully amends his motion to dismiss as malicious Misc. Action No. 07-302 (EGS).  In the alternative, Respondent moves to consolidate No. 07-302, pursuant to Local Civil Rule 40.5(d), into Misc. Action No. 06-416 (EGS).  Both matters were filed by the same *pro se* Petitioner and both allege overlapping predicate facts and seek overlapping relief.

**Background**

On September 5, 2006, Petitioner filed in this Court a pleading entitled "Review of an Order Excluding George E. Kersey from Practice Before the United States Patent Trademark Office," dated August 19, 2007.  It was assigned Misc. Action No. 06-416 (EGS).  The pleading asserted errors in the USPTO's summary decision on August 3, 2006, including a conflict of interest by the USPTO General Counsel for participating in the decision.  Petitioner requested

remand to the agency for a full hearing.[1]

The Court did not immediately issue a summons, apparently because Petitioner took the position that one was unnecessary. See Mem. Op. and Order, No. 06-416, docket entry no. [6], at 1 (July 18, 2007). Petitioner filed a motion for summary judgment, and the USPTO filed a motion to dismiss, both of which the Court eventually denied by order entered July 18, 2007. See id. In that order, the Court required Petitioner to obtain a summons and perfect service by August 17, 2007, i.e., thirty days from the date of the order.

Five days later but before complying with that order, on July 23, 2007, Petitioner filed another case, with a pleading entitled "Petition for Review of an Order Excluding George E. Kersey from Practice Before the United States Patent Trademark Office," dated July 19, 2007. This was docketed as a separate case, Misc. Action No. 07-302, and is the instant case. Petitioner did not file a notice of related cases and this case was initially assigned to Judge Kollar-Kotelly. His Petition for Review in the instant case challenged the same disbarment action by the USPTO as his pleading in No. 06-416. It appears that the only differences in the pleadings in the two cases were slight differences in the caption and title. Thus, it appears that Petitioner simply refiled the same allegations as a separate case days after his dispositive motion was denied in No. 06-416.

Just over two weeks later, on August 8, 2007, the Court issued a summons in No. 06-416. On August 10, 2007, Petitioner served the summons and initial pleading in No. 06-416 on this

---

[1] Back in 2002, Petitioner unsuccessfully challenged the USPTO's decision to suspend him for six months from practice before the agency. See Kersey v. Under Secretary of Commerce, No. 02-2331 (GK) (D.D.C. Jan. 31, 2005) (granting summary judgment to USPTO), aff'd, No. 05-1272 (Fed. Cir. Apr. 6, 2007), attached hereto as Exhibit 1.

2

Office.  (This corrects the error in Respondent's original motion.)

On September 4, 2007, Petitioner filed an Amended Petition in No. 06-416, dated August 21, 2007, no. [10], which made substantially equivalent factual allegations, but added an additional Bivens count.  In September and October 2007, the parties briefed the USPTO's motion, docket entry no. [13], to dismiss the Bivens count in No. 06-302.  The motion is currently pending.

As of November 2007, Petitioner still had not served this Office with his Petition for Review in the instant case, No. 07-302, and on November 28, 2007, Judge Kollar-Kotelly ordered Petitioner to serve process by December 28, 2007.  On December 27, 2007, this Office was served with his pleading dated August 19, 2006, in No. 07-302.

On January 23, 2008, this Office received an "Amended Petition and Complaint and Request for Jury Trial," captioned "Misc. No. 07-302 (CKK)," a copy of which is attached as Exhibit 2.[2]  This Amended Petition in No. 07-302 does not appear on PACER and it is, therefore, unclear whether Petitioner attempted to file it in Court.  This paper purports to add a Bivens count and is essentially equivalent to the Amended Petition in No. 06-416.  The only apparent difference is the addition of a new paragraph 8 in the apparently unfiled Amended Petition in No. 07-302.  The additional paragraph consists of one sentence alleging "emotional and monetary damages" and that "Kersey [has been] shunned and scorned by his colleagues[.]"  See Ex. 2 at 3.

On February 5, 2008, USPTO filed a motion in the instant case to dismiss as malicious, or in the alternative to consolidate with No. 06-416, and to transfer the instant case to Judge

---

[2] This Amended Petition is dated December 22, 2007, was first received January 13, 2008, but did not clear irradiation until January 28, 2008.

3

Sullivan, docket entry no. [6] in No. 07-302.  By order dated February 8, 2008, the case was ordered transferred to Judge Sullivan, but the order did not appear to resolve the USPTO's request for dismissal or consolidation.

On February 19, 2008, undersigned counsel for Respondent inquired with chambers as to the status of USPTO's requests for dismissal or consolidation and was informed that the motion was still pending and, therefore, it was unnecessary to file a renewed motion.

After review of the prior filing, no. [6], however, it is apparent that Petitioner's counsel erred in describing the details regarding service of the original Petition in the instant case, and accordingly, USPTO respectfully files this amended motion.

Petitioner has not filed an opposition to the USPTO's motion, no. [6].  Under the Local Rules, such an opposition would have been due yesterday, February 19, 2008, but it bears noting that the status of the USPTO's original motion may have been unclear in light of the February 8, 2008, order transferring the case.

### Argument

Petitioner's duplicative action in No. 07-302 should be dismissed outright as abusive or malicious.  Repetition of claims is one of the narrow categories of litigation behavior deemed malicious by the courts.  See, e.g., Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C. Cir. 1981) ("A complaint that merely repeats pending or previously litigated claims may be considered abusive, and a court may look to its own records to determine whether a pleading repeats prior claims.").

Here, a review of the operative Petitions in the two cases reveals no material differences in facts alleged or relief sought.  Although pro se, Petitioner has practiced law for several years. See Kersey v. Undersecretary of Commerce, No. 02-2331 (GK) (D.D.C. Jan. 31, 2005); accord

Petition for Review.  Despite this apparent experience, Petitioner has made no attempt to explain or justify his attempt to litigate the same claims before different judges of this Court at the same time.  Indeed, he failed even to inform the Court of the related nature of the two actions.

Moreover, the timing of the filing of the second action--just after denial of Petitioner's dispositive motion--suggests forum-shopping by Petitioner.  Accordingly, the duplication appears repetitive at best and perhaps also manipulative.

Therefore, outright dismissal of the second-filed action is appropriate.  Moreover, the duplicative nature of the claims demonstrates that dismissal of the second case would not prejudice Petitioner's interests.

In the alternative, the instant, second-filed case should be consolidated into No. 06-416. Under the Local Rule 40.5(a)(3), the instant case is certainly a related case, on the basis of any of the three separate grounds cited above, i.e., same *pro se* Petitioner, common issues of fact, or same event.  The overlap of facts alleged and relief sought logically support consolidation into one matter, consistent with Local Rule 40.5(d) (motions to consolidate are heard by the judge of "the earlier-numbered case").  Indeed, precisely because of the overlap of facts alleged and relief sought, consolidation and dismissal amount to nearly the same thing, and Petitioner would not be prejudiced by either course of action.  The USPTO respectfully suggests that dismissal as malicious is more appropriate, however, in light of Petitioner's apparent forum-shopping, his experience as an attorney, and his lengthy delays in perfecting service in both cases.

## <u>Conclusion</u>

Wherefore, the USPTO respectfully moves for dismissal of this case.

February 20, 2008                                Respectfully submitted,

_____

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____/s/_____

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s/_____

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that service of the foregoing Respondent's Amended Motion to Dismiss as Malicious or in the Alternative to Consolidate, Supporting Memorandum, and Proposed Order were served on *pro se* Petitioner via first class mail addressed to:

    George E. Kersey
    P.O. Box 1073
    Framingham, MA 01701

on this 20th day of February 2007.


                /s/
                ALAN BURCH, D.C. Bar # 470655
                Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **George E. Kersey,** : | |
| : | |
| **Petitioner,** : | |
| : | |
| **v.** : | **Civil Action** |
| : | **No. 02-2331 (GK)** |
| **Undersecretary of Commerce for** : | |
| **Intellectual Property, <u>et al.</u>,** : | |
| : | |
| **Respondents.** : | |

<u>**MEMORANDUM OPINION**</u>

Petitioner George Kersey is an attorney who has been registered to practice before the United States Patent and Trademark Office ("PTO") since 1960. He brings this action against Respondents, the Undersecretary of Commerce for Intellectual Property and the Director of the PTO ("Director"). He seeks review of a six-month suspension from PTO practice that he received in early 2002. This matter is now before the Court on the parties' Cross-Motions to Dismiss and for Summary Judgment. Upon consideration of the Motions, Oppositions, Replies, and the entire record herein, for the reasons discussed below, Petitioner's Motion for Summary Judgment is **denied**, and Respondents' Motion for Summary Judgment is **granted**.

## I.   BACKGROUND[1]

On August 8, 2000, the PTO Office of Enrollment and Discipline ("OED") initiated a disciplinary proceeding against Petitioner. OED sought an order suspending or excluding Petitioner from practice before the PTO.  OED claimed that Kersey violated federal conflict of interest statutes by representing private clients before the PTO while employed by the United States Air Force.  See 18 U.S.C. §§ 205 and 207.  OED also alleged that Petitioner failed to report suspensions from the practice of law by the Supreme Judicial Court of Massachusetts and the U.S. Court of Appeals for the D.C. Circuit, in violation of PTO disciplinary rules.  See 37 C.F.R. §10.20.[2]

On February 13 and 14, 2001, Administrative Law Judge ("ALJ") Spencer T. Nissen held an evidentiary hearing regarding the disciplinary proceedings against Kersey.  On November 14, 2001, the ALJ issued his Initial Decision in Kersey's disciplinary

---

[1]    Pursuant to Local Civil Rule 7.1(h), "[i]n determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion."  Unless otherwise noted, the Court states only uncontroverted facts from the parties' Statement(s) of Material Facts Not in Dispute. Furthermore, since this case involves review of an administrative agency's decision, the Court also relies on facts contained in the Administrative Record ("A.R.").

[2]    Petitioner asserts that at that time, he was challenging the three-month suspension from the practice by the Supreme Judicial Court of Massachusetts.  Petr's Reply at 1.

proceeding.  See AR at 750-86 ("ALJ's Initial Decision").  The ALJ found that the Director of the PTO "ha[d] established by clear and convincing evidence that Kersey continued to represent private parties before the PTO...while employed by the U.S. Airforce," thereby violating federal conflict of interest statutes.  AR at 774-75.  The ALJ's Initial Decision also stated that Kersey had been suspended from the practice of law by both the Supreme Judicial Court of Massachusetts and the D.C. Circuit and had failed to notify the PTO of those suspensions.  Both of these suspensions placed him in violation of PTO disciplinary rules.  Id. at 775-76. To sanction Kersey for these offenses, the ALJ issued a Letter of Reprimand after considering the facts of the case, even though "the Director continue[d] to insist that Kersey should be suspended for a two-year period."  Id. at 776.

On December 11, 2002, OED filed a motion with the Director for a one-week extension of time to appeal the ALJ's Initial Decision, pursuant to 37 C.F.R. § 10.170.  The Director granted the motion, and on December 21, 2001, OED filed its appeal.  AR at 900-18.  at 900-17.  OED did not appeal the findings of fact and conclusions of law, arguing that "[t]he ALJ properly concluded that the OED [] proved by clear and convincing evidence" that Kersey had violated conflict of interest and disciplinary rules.  Id. at 907.  Instead, the appeal challenged the ALJ's Decision only with respect to his decision to sanction Petitioner with a Letter of Reprimand rather

-3-

than suspension from practice, arguing that "the ALJ erred in imposing a sanction that [wa]s not appropriate based on the findings of fact and conclusions of law." Id. at 905.

Kersey did not file any appeal of the ALJ's Decision. Rather, on January 4, 2002, Kersey moved to dismiss OED's appeal as untimely, alleging "OED wrongfully, in violation of 37 U.S.C. [§ 10.155 (a)], appealed to the Director instead of the Commissioner [for Patents]." AR at 897-98 ("Dismissal Motion"). Subsequently, on January 6, 2002, Kersey also moved for a declaratory judgment that "the initial decision of the ALJ on November 14, 2001 is the decision of the Commissioner, pursuant to 37 C.F.R. § 10.155, (a)." Id. at 895-96 ("Declaratory Judgment Motion"). Kersey's Declaratory Judgment Motion asserted that the ALJ's Decision had become the final decision in the proceedings against him because the OED had not filed a valid appeal "to the Commissioner." Id. at 895 (emphasis in original).

On January 31, 2002, the Director delegated authority to issue a final decision on the appeal to the PTO's General Counsel, pursuant to 35 U.S.C. § 3(b)(3)(B). See AR at 816 n.1. On February 28, 2002, the General Counsel denied Petitioner's Declaratory Judgment Motion. See AR at 841-44. While acknowledging that 37 U.S.C. § 10.155 (a) required that appeals of ALJ decisions be made to the Commissioner, the General Counsel

-4-

explained that the Patent and Trademark Office Efficiency Act
("PTOEA")

> changed the title of Commissioner" to the "Director of
> the United States [PTO]," stipulating that "reference in
> any other Federal law, Executive order, rule, regulation,
> or delegation of authority, or any document of or
> pertaining to the [PTO] - (1) to the Commissioner of
> Patents and Trademarks is deemed to refer to
> the...Director of the United States [PTO].

Id. at 842, quoting PTOEA Pub. L. No. 106-113, App. I, § 4741(b),
113 Stat. 1501A-572, 585-86.  Thus, the General Counsel concluded
that Kersey's Declaratory Judgment Motion was based upon an
argument of "mere semantics and not substance" and had to be denied
because OED had properly filed its appeal with the Director.  Id.
at 842.

On June 14, 2002, the General Counsel issued a final decision
on OED's appeal of the ALJ's Initial Decision.  See AR at 816-828
("Final Decision").  In the Final Decision, the General Counsel
found that the ALJ had identified extenuating circumstances that
"weigh[ed] in favor of moderating the application of [Kersey's]
penalty."  Id. at 825.  However, the General Counsel determined
that "a reprimand [would] be insufficient to deter [Kersey]" given
his repeated violations.  Id.  The General Counsel's Final Decision
increased Kersey's sanction from a Letter of Reprimand to a six-
month suspension, but refused to impose the minimum one-year
suspension recommended by OED, given the extenuating circumstances
identified in the ALJ's Initial Decision.

-5-

On July 3, 2002, Kersey requested reconsideration of the General Counsel's Final Decision.  See AR at 807-111 ("Motion for Reconsideration").  Petitioner's Motion for Reconsideration argued (1) that the ALJ's Initial Decision to reprimand him became the final decision when OED failed to appeal to the Commissioner in a timely manner, id. at ¶¶ 1, 4-6, 12-13; (2) that OED's motion for extension of time to file the appeal was improperly granted on erroneous grounds by the Director rather than Commissioner, id. at ¶¶ 2-3; (3) that Kersey did not violate any disciplinary rules, id. at ¶¶ 7-10; and (4) that the General Counsel of PTO did not have the authority to issue a final decision on an appeal of the ALJ's Initial Decision, id. at ¶ 11.

On October 24, 2002, the General Counsel denied Petitioner's Motion for Reconsideration of the June 14, 2002 Final Decision. See AR at 799-802.  The General Counsel found that Kersey's "arguments regarding the timeliness and the authority of the Director...and the General Counsel to decide the appeal have been fully addressed in the Final Decision and provide no basis or justification for modifying that decision."  Id. at 800.  The General Counsel also concluded that Kersey could not argue that the findings of the ALJ were erroneous because he did not file an appeal to challenge the ALJ's decision and he did not raise those issues in OED's appeal.

On November 22, 2002, Petitioner timely filed his Petition for
Review in this Court.  This matter is now before the Court on the
parties' cross-Motions for Summary Judgment.

## II.  STANDARD OF REVIEW

Summary judgment will be granted when the pleadings,
depositions, answers to interrogatories and admissions on file,
together with any affidavits or declarations, show that there is no
genuine issue as to any material fact and that the moving party is
entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).
Material facts are those that "might affect the outcome of the suit
under the governing law."  Anderson v. Liberty Lobby, Inc., 477
U.S. 242, 248 (1986).  In determining whether the movant has met
this burden, a court must consider all factual inferences in the
light most favorable to the non-moving party.  McKinney v. Dole,
765 F.2d 1129, 1135 (D.C. Cir. 1985).  However, once the moving
party makes its initial showing, the nonmoving party must
demonstrate "specific facts showing that there is a genuine issue
for trial."  Celotex, 477 U.S. at 324; McKinney, 765 F.2d at 1135.

Moreover, when reviewing decisions of the PTO, the court
determines "whether there was substantial evidence to support the
action of the Patent Office."  Klein v. Peterson, 866 F.2d 412, 414
(D.C. Cir. 1989) (internal quotations and citations omitted).  In
determining whether there is substantial evidence, the court must
review the "record as a whole" to see whether it "contains 'such

-7-

relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 477 (1951)).   In addition,  the reviewing court will base its decision solely on "a certified copy of the records and proceedings before the Patent Office."  LCvR 83.7.

## III. ANALYSIS

Kersey's Petition specifically requests review "of the Order of the [PTO] entered on October 24, 2002" denying his request for reconsideration of the June 14, 2002 decision ("October 24th Order"), and "of the Denial, dated February 28, 2002, of Petitioner's Motion for Declaratory Judgment" ("February 24th Order").  See Petition for Review (filed 11/22/02) at 1.[3]   In moving for summary judgment, Kersey argues that the these denials were inappropriate because OED did not file a timely appeal of the ALJ's decision, the General Counsel's decision to suspend Petitioner from practice before the PTO was improperly issued, and the ALJ's Initial Decision erroneously determined that Kersey had violated PTO disciplinary rules.  As explained below, each of Petitioner's arguments is without merit.

---

[3]    Kersey argues that he "seeks judicial review of all actions taken against him by the [PTO]...."  Petr's Opp'n at 1. However, Kersey's Petition clearly states that he is seeking review only of the October 24th Order and the February 24th Order, and thus the Court is limited to review of Respondents' actions with regard to those Orders only.  See LCvR 83.7 (directing that a person "may file a petition...for review of [PTO] action within 30 days after the date of the order recording the Commissioner's action") (emphasis added).

-8-

**A.  OED's Appeal of the ALJ's Initial Decision Was Timely and Properly Filed.**

With regard to the PTO's February 24th Order, any appeal of the ALJ's Initial Decision in Kersey's disciplinary proceeding was due by December 14, 2001, 30 days after that Decision was issued on November 14, 2001, pursuant to 37 C.F.R. § 10.155.  However, on December 11, 2001, three days prior to the initial deadlines for filing an appeal, OED filed a motion with the Director for a one week extension of time.  The Director granted that motion, extending OED's time to file an appeal brief until December 21, 2001, and OED filed its appeal with the Director on that date.

Petitioner argues that the PTO's February 24th Order must be set aside because OED's appeal was untimely and improperly filed. With regard to the timeliness of OED's appeal, Kersey argues: (1) that Respondent's request for an extension was improperly made to the Director, instead of to the Commissioner; (2) that the Director improperly granted the extension because OED has not presented the type of "extraordinary situation" required under 37 C.F.R. § 10.170; and (3) that OED did not file its appeal within the time allowed by the Director's extension.  Finally, Kersey argues that Respondent's appeal was  improperly filed because it was submitted to the Director instead of to the Commissioner.

First, Petitioner argues that OED's request for an extension of time to file its appeal of the ALJ's Initial Decision was improperly made to the Director.  While it is true that 37 C.F.R.

-9-

§ 10.170 allows the "Commissioner or the Commissioner's designee" to suspend or waive "any requirement of the regulations" of the PTO for investigations and disciplinary proceedings, id., Kersey's argument regarding the proper filing official lacks merit because Congress changed the names of the relevant PTO positions prior to OED's request.

Before 1999, 35 U.S.C. § 3(a) stated that "[t]here shall be in the Patent and Trademark Office a Commissioner of Patents and Trademarks, a Deputy Commissioner, two Assistant Commissioners, and examiners-in-chief."  However, in 1999, Congress indicated in the PTO Efficiency Act that "'[a]ny reference in any other Federal law, Executive order, rule, regulation, or delegation of authority, or any document of or pertaining to the Patent and Trademark Office (1) to the Commissioner of Patent and Trademarks is deemed to refer to the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office.'"  Pub. L. No. 106-113, Div. B, § 1000(a)(9), as quoted in 35 U.S.C.A. § 1, (emphasis added).

Thus, after 1999, 35 U.S.C. § 3(a) made the position of the Commissioner of Patents and Trademarks into two new positions--the Under Secretary of Commerce for Intellectual Property and the Director of the United States Patent and Trademark Office.  35 U.S.C. § 3(a) (stating that "[t]he powers and duties of the United States Patent and Trademark Office shall be vested in an Under

Secretary of Commerce for Intellectual Property and <u>Director</u> of the United States Patent and Trademark Office") (emphasis added); <u>see also</u> <u>Kroll v. Finnerty</u>, 242 F.3d 1359, 1363 n.1 (Fed. Cir. 2001) (stating that the amendments to 35 U.S.C. "changed the title of the head of the PTO from 'Commissioner' to 'Director'").

In this case, OED requested an extension of time to file its appeal from the ALJ's Initial Decision with the Director of the United States Patent and Trademark Office pursuant to 37 C.F.R. § 10.170.   Section 10.170 is contained in a regulatory section concerning PTO investigations and disciplinary proceedings, and thus the word "Commissioner" contained in that section refers to the "Commissioner of Patents and Trademarks."   <u>See</u> 54 Fed. Reg. 26025 (June 21, 1989) (defining applicable parties in PTO regulations for investigations and disciplinary proceedings). Because the PTO Efficiency Act stated that all references to the "Commissioner" would in the future refer to the "Director of the United States Patent and Trademark Office," it is clear that OED properly requested and obtained an extension of time to file its appeal under 37 C.F.R. § 10.170 from the Director of the United States Patent and Trademark Office.

Second, Kersey argues that the Director's extension was improperly granted because OED did not present the type of "extraordinary situation" required under 37 C.F.R. § 10.170. Petitioner's argument appears to rest solely on the fact that there

was no need to grant the extension because only one of the three OED attorneys working on the matter had a scheduling conflict. <u>See</u> Pet'r Opp'n at 16-17.  However, in reviewing PTO actions, the Court does not function as a secondary trier of fact, but only assesses "whether there was substantial evidence to support the action of the Patent Office." <u>Klein</u>, 866 F.2d at 414.  Because a "reasonable mind could have found" that the scheduling conflict of one OED attorney created circumstances that justified granting OED a one-week extension of time, the Court cannot conclude that the Director's grant of that extension in this case was unreasonable or without ample justification.  <u>Id.</u>

Third, Petitioner argues that OED's appeal was untimely because the Director granted an extension only until December 18, 2003, i.e., one week from the date of OED's extension motion. However, the Director's order granting the extension clearly states that "[OED]'s time for filing [its] appeal brief is extended to December 21, 2001." AR at 918.  In this case, OED submitted its appeal on December 21, 2001, squarely within the time allotted by the Director's extension.  Thus, the Court concludes that OED's appeal was timely filed and that Petitioner's argument is completely without merit.

Finally, Petitioner argues that OED's appeal was  improperly filed with the "Director" because PTO regulations require that the appeal be submitted to the "Commissioner."  As explained above,

Congress changed references to the "Commissioner of Patents and Trademarks" to the "Director" in the PTO Efficiency Act of 1999. Accordingly, appeals taken under 37 C.F.R. §§ 10.154, 10.155, and 10.156, which reference the "Commissioner," should now be directed to the Director of PTO.  In this case, given the terminology of §§ 10.154, 10.155, and 10.156, and the positional changes explained in the PTO Efficiency Act of 1999, it is clear that OED properly filed its appeal of the ALJ's Initial Decision with the Director.

In sum, the Court concludes that Respondent properly requested from the Director an extension of time to file its appeal of the ALJ's Initial Decision, that the Director's grant of that extension was proper, and that OED's appeal was properly and timely filed with the Director.

### B. Congress Authorized the Director to Delegate His Authority to Others, including the PTO's General Counsel.

In determining who may practice before the PTO, Congress has clearly stated that "[t]he Director may...suspend or exclude, either generally or in any particular case, from further practice before the [PTO], any person, agent, or attorney...who does not comply with the [PTO] regulations...."  35 U.S.C. § 32.  Kersey argues that the Final Decision to suspend him from practice before the PTO was improperly issued because the Director could delegate only his authority to hear cases, not his authority to issue a final decision.  Petitioner bases his argument on language in 35 U.S.C. § 32, which states that "[t]he Director shall have the

-13-

discretion to designate any attorney who is an officer or employee of the United States Patent and Trademark Office to conduct the hearing required by the section." Id. (emphasis added).

However, Kersey fails to recognize that the "hearing" language in 35 U.S.C. § 32 does not limit the delegation authority Congress gave the Director in 1999. That authority gives the director the power to "define the title, authority, and duties of such officers and employees and delegate to them [those] powers vested in the Office as the Director may determine". 35 U.S.C. § 3(b)(3)(B). Thus, the Director had full authority to delegate his decision-making power to the PTO General Counsel, one of the Director's employees at the PTO. See Respt's Mot., Declaration of Norma Rose, Ex. A, ¶ 3 (1/31/02 letter from the Director delegating to the PTO General Counsel "the authority to...[i]ssue final decisions in proceedings under 35 U.S.C. § 32); see also Robertson v. United States, 285 F. 911, 914-15 (D.C. Cir. 1922) (stating that "[i]f Congress could by statute legally authorize the Commissioner of Patents...to hear, determine, and finally decide disbarment cases, it could, by statute, legally empower those officials to delegate the performance of such duties to a designated subordinate").

Petitioner also argues that the General Counsel had a conflict of interest that barred him from issuing a final decision in this case, because one of the three OED attorneys that prosecuted his disciplinary proceeding was one of his subordinates. However,

-14-

Kersey did not raise the conflict of interest claim in either his Motion for Declaratory Judgment or his Request for Reconsideration, and the claim was consequently not considered in the October 24th Order or the February 28th Order.  Thus, the conflict of interest issue is not properly before the Court.  See LCvR 83.7 (stating that the court may consider petitions "for review of [PTO] action within 30 days after the date of the order recording the Commissioner's action").

Moreover, Petitioner's only support for his conflict of interest claim is that "the attorney of OED reported" to the General Counsel.  Petr's Mot. at 4.  In this Circuit, an agency decision-maker "'should be disqualified [for a conflict of interest] only when there has been a clear and convincing showing that the agency member has an unalterably closed mind on matters critical to the disposition of the proceeding.'"  C&W Fish Co., Inc. v. Fox, 745 F.Supp. 6, 9 (D.D.C. 1990), quoting Assoc. of Nat'l Advertisers v. FTC, 627 F.2d 1151, 1170 (D.C. Cir. 1979) (emphasis added).  Given the fact that Kersey has failed to provide any such showing, no less a clear and convincing showing, the Court concludes that he cannot support his claim that the PTO General Counsel had a conflict of interest which would have disqualified him from issuing the Final Decision in this matter.

-15-

Accordingly, the Court concludes that the PTO General Counsel had the authority to issue his Orders in this matter and that his authority was not tainted by any conflict of interest.

### C. Petitioner's Challenge to the ALJ's Initial Decision Was Properly Denied.

Most of Petitioner's briefing addresses his claim that the ALJ's Initial Decision erroneously determined that he had violated PTO disciplinary rules. However, inexplicably, Kersey did not file an appeal challenging the validity of the ALJ's Initial Decision. See 37 C.F.R. § 10.156(a) (stating that an "appeal" may be taken from an ALJ's initial decision). In fact, in response to OED's appeal, Petitioner actually moved for a declaratory judgment that the ALJ's Initial Decision was the Final Decision in the matter. See AR at 895-96. He affirmatively challenged the validity of that decision only when he moved for reconsideration of the General Counsel's Final Decision. See AR at 808-111.

Pursuant to 37 C.F.R. § 10.156, Petitioner's request for reconsideration could address only those issues contained in the Director's Final Decision. See 37 C.F.R. § 10.156(c) (stating that a "single request for reconsideration" may be made to a Director's final decision). Because the validity of the ALJ's Initial Decision was not raised in OED's appeal, the PTO's Final Decision did not consider that issue and Kersey could not ask for reconsideration of that decision on validity grounds.

-16-

Accordingly, the Court concludes that the October 24th Order correctly refused to consider the challenge to the validity of the ALJ's Initial Decision contained in Petitioner's request for reconsideration of the Final Decision.

## IV. CONCLUSION

For the reasons stated above, the Court upholds the PTO's February 28th and October 24th Orders because there is substantial evidence in the record to support the PTO's finding that OED's appeal of the ALJ's Initial Decision was timely and properly filed with the Director, that the General Counsel had authority to issue the Orders and did not have a conflict of interest, and that the General Counsel properly refused to consider Petitioner's challenge to the validity of the ALJ's Initial Decision. Accordingly, Respondents' Motion for Summary Judgment is **granted**, and Petitioner's Motion for Summary Judgment is **denied**. An appropriate Order will issue with this Opinion.


                                    /s/
January 31, 2005                    _____
                                    GLADYS KESSLER
                                    UNITED STATES DISTRICT JUDGE



**Copies to**:  Attorneys of Record via ECF and

George E. Kersey
P.O. Box 1073
Framingham, MA 01701


-17-

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

05-1272

GEORGE E. KERSEY,

Plaintiff-Appellant,

v.

UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY
and DIRECTOR OF THE PATENT AND TRADEMARK OFFICE,

Defendants-Appellees.

FILED

MAY 3 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# *Judgment*

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT
IS A TRUE AND CORRECT COPY
OF THE ORIGINAL ON FILE.

UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

By: *Valerie* _____ Date: 5/29/07

*ON APPEAL from the*   UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

*in CASE NO(S).*   02-CV-2331 Gk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR - 6 2007

JAN HORBALY
CLERK

*This CAUSE having been heard and considered, it is*

*ORDERED and ADJUDGED:*

## **AFFIRMED**. See Fed. Cir. R. 36.

Per Curiam (SCHALL, Circuit Judge, ARCHER, Senior Circuit Judge, and
GAJARSA, Circuit Judge).

## ISSUED AS A MANDATE: MAY 2 9 2007

*ENTERED BY ORDER OF THE COURT*

*DATED*   APR - 6 2007

~~Jan Horbaly~~ /JB

*Jan Horbaly, Clerk*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GEORGE E. KERSEY )
           Plaintiff )
            )
            )
         v. )    Misc No. 07-302 (CKK)
            )
            )
COMMISSIONER OF PATENTS, et al. )
           Defendants )
            )

### AMENDED PETITION AND COMPLAINT
### AND REQUEST FOR JURY TRIAL

#### Count I

1. Plaintiff, GEORGE E. KERSEY ("KERSEY") hereby requests review on the record of the action dated August 3, 2006 and mailed August 4, 2006 of James A. Toupin, General Counsel ("Toupin") of the United States Patent Office, for the reasons set forth below:

2. Kersey is in good standing as an Attorney at Law of New York and of New Jersey.

3.. The action taken by Toupin is based, in part, on a wrongful disbarment of Kersey by New Hampshire on the grounds that Kersey had violated New Hampshire Rules 3.4 and 5.5, which he had not, as found by New Jersey in its reciprocal proceedings based on the wrongful New Hampshire disbarment.

4. The certificate of Service for Toupin's decision falsely states that the decision was sent by first class mail on August 3, 2006 , when the postmark on the envelope containing

1

the decision indicates that the document was mailed Aug 04 2006.

      5. Kersey's prior appeal was not to Toupin, as General Counsel, but TO THE COMMISSIONER PURSUANT TO 37 CFR 10.155. There is a clear conflict of interest since the attorneys representing the Patent Office against Kersey work for the General Counsel

      6. In any event, it was improper for the General Counsel to decide the case on Summary Judgment, since there are disputed issues of fact in this case:

      (a) Kersey was falsely disbarred by New Hampshire on the grounds that he had violated New Hampshire Rules of Professional Conduct 3.4 and 5.5, when Kersey can prove, at the hearing that he is entitled to have under the Rules, that he violated neither Rule, (as found by the Supreme Court of New Jersey) so that his disbarment by New Hampshire cannot have merit and cannot be considered on reciprocal discipline by the Patent Office.

      (b) The decision by the General Counsel incorrectly assumed that Kersey's appeal to the Federal Circuit (CAFC) in Proceeding No. 00-07 was no longer pending, contrary to fact, Kersey can demonstrate at the hearing to which he is entitled to have, that his case in the CAFC was still pending. Toupin's action has deprived KERSEY of the opportunity for a hearing which is specifically provided by the Regulations.

      (c) In Proceeding No. 07 the final decision is that of November 14, 2001 since, as pointed out by Judge Nissen, in his communication of February 6, 2002, copy attached as Exhibit C to the original Peition in this action, neither party filed an appeal within 30 days of the ALJ Decision, and that

decision became final. As stated by the Court of Appeal for the Federal Circuit: "The time to file a notice of appeal is statutory, mandatory and jurisdictional. <u>Monzo v. Dep't of TransD. Fed- Aviation</u> Admin., 735 F.2d 1335, 1336 (Fed. Cir. 1984.)" The position of the CAFC is that when an appeal was untimely filed, we must dismiss his appeal. <u>Pinat v Office of Personnel Management</u>, 931 F.2d 1544, 1546 (Fed. Cir. 1991) (deadline for filing appeal or petition for review may not be waived)".

WHEREFORE, this case as to Count I should either be dismissed or be remanded to give KERSEY an opportunity to present his defenses at a hearing as provided by the Patent Office Regulations.

Count II

7. Kersey repeats the allegations of Count I

8. The action of the Defendant Commissioner of Patents in referring Kersey's appeal PURSUANT TO 37 CFR 10.155 to Toupin was in violation of the law and has subjected Kersey to emotional and monetary damages and has caused Kersey to be shunned and scorned by his colleagues

9. The action against Kersey taken by Toupin, in his individual capacity, was improper, as called to Toupins's attention by Kersey, and has subjected Kersey to emotional and monetary damages and has caused Kersey to be shunned and scorned by his colleagues

WHEREFORE, as to Paragraphs 8 and 9 of Count II KERSEY should be awarded monetary and punitive damages.

10. The action against Kersey taken by Toupin was based upon improper actions by Moatz, Director of Enrollment and Discipline of the PTO, in his individual capacity, as called to Moatz's attention by Kersey

WHEREFORE, as to Paragraph 10 of Count II KERSEY should be awarded monetary and punitive damages against Moatz.

11. The actions against Kersey taken by Toupin and Moatz were based upon improper actions Judges and associates of the Supreme Court of New Hampshire, in their individual capacities, with said Judges identified in In re Kersey, 842A.2d 121 (N.H. 2004) identified as Duggan, Nadeau and Dalianis and DeHart.

WHEREFORE, as to Paragraph 10 of Count II KERSEY should be awarded monetary and punitive damages against the identified individuals.

12. The actions against Kersey taken by New Hampshire were used by Judges and associates of Supreme Judicial Court Massachusetts, in their individual capacities, with said Judges identified in In re Kersey, 825N.E.2d 994 (Mass. 2005).

13. The improper actions against Kersey by Massachusetts were based upon improper action by Terence M. Troyer, assistant bar counsel of the Massachusetts Bar.

WHEREFORE, as to Paragraphs 12 and 13 of Count II KERSEY should be awarded monetary and punitive damages against the identified individuals.

14. Improper actions were taken against Kersey taken by Judges and associates of the First Circuit Court of Appeals, acting in their individual capacities, based on the improper actions by New Hampshire with said Judges identified in In re Kersey,402 F.3d 217 (1st Cir. 2005).

WHEREFORE, as to Paragraph 14 of Count II KERSEY should be awarded monetary and punitive damages against the identified individuals.

15 Improper actions were taken against Kersey taken by Judges and associates of the District of Columbia Court of Appeals, acting in their individual capacities , based on the improper actions by New Hampshire with said Judges  identified in re Kersey, 897A.2d 198 (D.C. 2006).

WHEREFORE, as to Paragraph 15 of Count II KERSEY should be awarded monetary and punitive damages against the identified individuals .

## Jury Request

Kersey requests a trial by jury on all issues in this action that are triable by a jury

Respectfully submitted,
With the foregoing statements of fact by Kersey
made subject to the penalties for perjury

George E. Kersey
P.O. Box 1073
Framingham, MA 01701
(781) 581-5103

Dated: December 22, 2007

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this Amended Petition and Complaint was sent in the following manner to the addressees listed below:

George E. Kersey

Dated: January 7, 2008

Copy by Regular Mail to:

U.S. Patent and Trademark Office,
Commissioner of Patents
P.O. Box 1450
Alexandria, VA 22313-1450


Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001


United States Attorney
555 4th Street, NW
Washington, DC 20530

RECEIVED

2008 JAN 13 P 12: 22

Kersey,
X. 1673
0170 1

United States Attorney
555 4th Street, NW
Washington, DC 20530

Buch.

CWI

DEPARTMENT OF JUSTICE

JAN 18 2008

X-RAYED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                    )
GEORGE E. KERSEY,                                   )
                                                    )
            Petitioner,                             )
                                                    )
            v.                                      )          Misc. Action No. 06-416 (EGS)
                                                    )
COMMISSIONER OF PATENTS,                            )          Misc. Action No. 07-302 (EGS)
U.S. PATENT AND TRADEMARK OFFICE                    )
                                                    )
            Respondent.                             )
_____           )

**<ins>FINAL JUDGMENT</ins>**

UPON CONSIDERATION of Respondent's Motion to Dismiss as Malicious, and the

entire record in the above-captioned cases, it is hereby

ORDERED that the motion is GRANTED and it is

FURTHER ORDERED that one of the above-captioned cases, No. 07-302 (EGS), is

DISMISSED as malicious because it consists entirely of allegations Petitioner raises in his prior

filed action No. 06-416.  This is a final and appealable order.

So ordered, this _____ day of _____, 2008.


                                    _____
                                    EMMET G. SULLIVAN
                                    United States District Judge