UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GEORGE E. KERSEY )
    Plaintiff )
)
v. )  No. 07-302 (CKK)
)
)
COMMISSIONER OF PATENTS, et al. )
    Defendants )
)

SECOND AMENDED COMPLAINT
AND REQUEST FOR JURY TRIAL

Count I

1. Plaintiff, GEORGE E. KERSEY ("KERSEY") has been deprived of his Civil Rights under Title 42 Section 1983 by the action dated August 3, 2006 and mailed August 4, 2006 of James A. Toupin, General Counsel ("Toupin") of the United States Patent Office, for the reasons set forth below:

2. Kersey is in good standing as an Attorney at Law of New York and of New Jersey.

3.. The action taken by Toupin is based, in part, on a wrongful disbarment of Kersey by New Hampshire on the grounds that Kersey had violated New Hampshire Rules 3.4 and 5.5, which he had not, as found by New Jersey in its reciprocal proceedings based on the wrongful New Hampshire disbarment.

4. The certificate of Service for Toupin's decision falsely states that the decision was sent by first class mail on August 3, 2006, when the postmark on the envelope containing

1

the decision indicates that the document was mailed Aug 04 2006.

5. Kersey's prior appeal was not to Toupin, as General Counsel, but TO THE COMMISSIONER PURSUANT TO 37 CFR 10.155. There is a clear conflict of interest since the attorneys representing the Patent Office against Kersey work for the General Counsel

6. In any event, it was improper for the General Counsel to decide the case on Summary Judgment, since there are disputed issues of fact in this case:

> (a) Kersey was falsely disbarred by New Hampshire on the grounds that he had violated New Hampshire Rules of Professional Conduct 3.4 and 5.5, when Kersey can prove, at the hearing that he is entitled to have under the Rules, that he violated neither Rule, (as found by the Supreme Court of New Jersey) so that his disbarment by New Hampshire cannot have merit and cannot be considered on reciprocal discipline by the Patent Office.

> (b) The decision by the General Counsel incorrectly assumed that Kersey's appeal to the Federal Circuit (CAFC) in Proceeding No. 00-07 was no longer pending, contrary to fact, Kersey can demonstrate at the hearing to which he is entitled to have, that his case in the CAFC was still pending. Toupin's action has deprived KERSEY of the opportunity for a hearing which is specifically provided by the Regulations.

> (c) In Proceeding No. 07 the final decision is that of November 14, 2001 since, as pointed out by Judge Nissen, in his communication of February 6, 2002, copy attached as Exhibit C to the original Peition in this action, neither party filed an appeal within 30 days of the ALJ Decision, and that

2

decision became final. As stated by the Court of Appeal for the Federal Circuit: "The time to file a notice of appeal is statutory, mandatory and jurisdictional. <u>Monzo v. Dep't of TransD. Fed- Aviation</u> Admin., 735 F.2d 1335, 1336 (Fed. Cir. 1984.)" The position of the CAFC is that when an appeal was untimely filed, we must dismiss his appeal. <u>Pinat v Office of Personnel Management</u>, 931 F.2d 1544, 1546 (Fed. Cir. 1991) (deadline for filing appeal or petition for review may not be waived)".

**WHEREFORE, KERSEY is entitled to damages to be dertermined by the Jury that Kersey has requested.**

Count II

7. Kersey repeats the allegations of Count I

8. The action of the Defendant Commissioner of Patents in referring Kersey's appeal PURSUANT TO 37 CFR 10.155 to Toupin was in violation of the law and has subjected Kersey to emotional and monetary damages and has caused Kersey to be shunned and scorned by his colleagues

9. The action against Kersey taken by Toupin, in his individual capacity, was improper, as called to Toupins's attention by Kersey, and has subjected Kersey to emotional and monetary damages and has caused Kersey to be shunned and scorned by his colleagues

**WHEREFORE, as to Paragraphs 8 and 9 of Count II KERSEY should be awarded monetary and punitive damages.**

10. The action against Kersey taken by Toupin was based upon improper actions by Moatz, Director of Enrollment and Discipline of the PTO, in his individual capacity, as called to Moatz's attention by Kersey

**WHEREFORE, as to Paragraph 10 of Count II KERSEY should be awarded monetary and**

punitive damages against Moatz.

11. The actions against Kersey taken by Toupin and Moatz were based upon improper actions Judges and associates of the Supreme Court of New Hampshire, in their individual capacities,. with said Judges identified in In re Kersey, 842A.2d 121 (N.H. 2004) identified as Duggan, Nadeau and Dalianis and DeHart.

WHEREFORE, as to Paragraph 10 of Count II KERSEY should be awarded monetary and punitive damages against the identified individuals .

12. The actions against Kersey taken by New Hampshire were used by Judges and associates of Supreme Judicial Court Massachusetts, in their individual capacities , with said Judges identified in In re Kersey, 825N.E.2d 994 (Mass. 2005).

13. The improper actions against Kersey by Massachusetts were based upon improper action by Terence M. Troyer, assistant bar counsel of the Massachusetts Bar.

WHEREFORE, as to Paragraphs 12 and 13 of Count II KERSEY should be awarded monetary and punitive damages against the identified individuals .

14. Improper actions were taken against Kersey taken by Judges and associates of the First Circuit Court of Appeals, acting in their individual capacities, based on the improper actions by New Hampshire with said Judges identified in In re Kersey,402 F.3d 217 (1st Cir. 2005).

WHEREFORE, as to Paragraph 14 of Count II KERSEY should be awarded monetary and punitive damages against the identified individuals .

15 Improper actions were taken against Kersey taken by Judges and associates of

4

the District of Columbia Court of Appeals, acting in their individual capacities , based on the improper actions by New Hampshire with said Judges identified in <u>re Kersey, 897A.2d 198</u> (D.C. 2006).

**WHEREFORE,** as to Paragraph 15 of Count II KERSEY should be awarded monetary and punitive damages against the identified individuals .

<u>Jury Request</u>

Kersey requests a trial by jury on all issues in this action that are triable by a jury

                           Respectfully submitted,
                           With the foregoing statements of fact by Kersey
                           made subject to the penalties for perjury

                           George E. Kersey
                           P.O. Box 1073
                           Framingham, MA 01701
                           (781) 581-5103

Dated: February 12, 2008

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of this Amended Petition and Complaint was sent in the following manner to the addressees listed below:

_____
George E. Kersey

Dated: February 16, 2008

Copy by Regular Mail to:

U.S. Patent and Trademark Office,
Commissioner of Patents
P.O. Box 1450
Alexandria, VA 22313-1450


Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001


United States Attorney
555 4th Street, NW
Washington, DC 20530

6