UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GEORGE E. KERSEY, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMISSIONER OF PATENTS, et al. | ) |
| | ) |
| Defendants. | ) |

*MC*          *(EGS)*

Civil Action No.: 07-0302 (CKK)*

## OPPOSITION BY PLAINTIFF, GEORGE E. KERSEY ("KERSEY') TO THE MOTION OF DEFENDANT JON W. DUDAS ("DUDAS") TO THE DISMISSAL OR CONSOLIDATION OF KERSEY'S COMPLAINT

Kersey hereby opposes the Motion of Defendant Dudas, Commissioner of Patents ("Dudas"), to the dismissal of Kersey's Complaint as "malicious" or consolidated for the following reasons:

1. Dudas claims that Kersey's Complaint is "malicious" because it is duplicative of Kersey's Complaint in Civil Action No. 06-0416 (EGS). It is not because case 07-0302 (CKK) now claims statutory violations (42 USC 1983), as opposed to the claims in EGS which are based on Kersey's entitlement to a proper disposition of the Patent Office action against Kersey and includes Bevins and Constitutional claims, (including due process) against defendants based on the decision of the US Supreme Court in *Supreme Court of Virginia v. Consumers Union of United States, Inc.*, 446 U.S. 719 (1980).

---

*This case originated as a Petition but has been converted into a civil action by virtue of the service of a summons with the complaint in compliance with Rule 4 FRCP

2. Dudas wrongly contends that Kersey MALICIOUSLY made duplicate filings of his Petition which led to Civil Actions CKK and EGS. Kersey made the EGS filing in 2006 after the wrongful decision, not by Dudas, who should have made the decision, but by an improperly appointee. Kersey also had filed a Request for Reconsideration of the wrongful Patent Office decision. But was only after there was no answer to the original petition in 2006 and Kersey moved for summary judgment that Kersey received a denial by the Patent Office of his Request for Reconsideration that filed a Petition in connection with that denial in 2007 which became CKK and resulted in an order to serve a summons, which made case CKK a civil action.

3. Because both cases EGS and Ckk have been converted to Civil Action, and because both have been amended (before answer) to state different causes of action, the two cases are distinctive, and the Dudas Motion to Dismiss CKK as malicious should be denied with prejudice.

3. Dudas contention that the CKK action is "malicious" is not only false but defamatory

This matter is discussed in further detail in Kersey's attached Memorandum.

**An oral hearing is requested**.

/S/  *George E. Kersey*
GEORGE E. KERSEY, Plaintiff
P.O. Box 1073
Framingham, MA 01701
(781) 581-5103

2

Certificate of Service

I hereby certify that I caused a copy of the foregoing **OPPOSITION BY PLAINTIFF, GEORGE E. KERSEY ("KERSEY') TO THE MOTION OF DEFENDANT JON W. DUDAS ("DUDAS") TO THE DISMISSAL OR CONSOLIDATION OF KERSEY'S COMPLAINT**to be served upon *pro se* plaintiff by first class mail addressed to:

      ALAN BURCH, D.C. Bar # 470655
      Assistant United States Attorney
      555 4th St., N.W.
      Washington, D.C. 20530

on this ___ day of February 2008

                           /s/    *George E. Kersey*
                           George E. Kersey
                           P.O. Box 1073
                           Framingham, MA 01701

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GEORGE E. KERSEY, | ) |
| Plaintiff, | ) |
| v. | ) |
| COMMISSIONER OF PATENTS, et al. | ) |
| Defendants. | ) |

Civil Action No.: 07-0302 (CKK)*

**OPPOSITION BY PLAINTIFF, GEORGE E. KERSEY ("KERSEY') TO THE MOTION OF DEFENDANT JON W. DUDAS ("DUDAS") TO THE DISMISSAL OR CONSOLIDATION OF KERSEY'S COMPLAINT**

Kersey hereby opposes the Motion of Defendant Dudas, Commissioner of Patents ("Dudas"), to the dismissal of Kersey's Complaint as "malicious" or consolidated for the following reasons:

1. Dudas claims that Kersey's Complaint is "malicious" because it is duplicative of Kersey's Complaint in Civil Action No. 06-0416 (EGS). It is not because case 07-0302 (CKK) now claims statutory violations (42 USC 1983), as opposed to the claims in EGS which are based on Kersey's entitlement to a proper disposition of the Patent Office action against Kersey and includes Bevins and Constitutional claims, (including due process) against defendants based on the decision of the US Supreme Court in *Supreme Court of Virginia v. Consumers Union of United States, Inc.*, 446 U.S. 719 (1980).

---

*This case originated as a Petition but has been converted into a civil action by virtue of the service of a summons with the complaint in compliance with Rule 4 FRCP

2. Dudas wrongly contends that Kersey MALICIOUSLY made duplicate filings of his Petition which led to Civil Actions CKK and EGS. Kersey made the EGS filing in 2006 after the wrongful decision, not by Dudas, who should have made the decision, but by an improperly appointee. Kersey also had filed a Request for Reconsideration of the wrongful Patent Office decision. But was only after there was no answer to the original petition in 2006 and Kersey moved for summary judgment that Kersey received a denial by the Patent Office of his Request for Reconsideration that filed a Petition in connection with that denial in 2007 which became CKK and resulted in an order to serve a summons, which made case CKK a civil action.

3. Because both cases EGS and Ckk have been converted to Civil Action, and because both have been amended (before answer) to state different causes of action, the two cases are distinctive, and the Dudas Motion to Dismiss CKK as malicious should be denied with prejudice.

3. Dudas contention that the CKK action is "malicious" is not only false but defamatory

This matter is discussed in further detail in Kersey's attached Memorandum.

**An oral hearing is requested**.

/S/ *George E. Kersey*
GEORGE E. KERSEY, Plaintiff
P.O. Box 1073
Framingham, MA 01701
(781) 581-5103

2

<u>Certificate of Service</u>

I hereby certify that I caused a copy of the foregoing **OPPOSITION BY PLAINTIFF, GEORGE E. KERSEY ("KERSEY') TO THE MOTION OF DEFENDANT JON W. DUDAS ("DUDAS") TO THE DISMISSAL OR CONSOLIDATION OF KERSEY'S COMPLAINT**to be served by first class mail addressed to:


      ALAN BURCH, D.C. Bar # 470655
      Assistant United States Attorney
      555 4th St., N.W.
      Washington, D.C. 20530


on this ___ day of February 2008


                        */s/     George E. Kersey*
                        George E. Kersey
                        P.O. Box 1073
                        Framingham, MA 01701

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| George E. Kersey,<br>     *Plaintiff*<br><br>v.<br><br>Commissioner of Patents, *et alia,*<br>     *Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Civil No. 07-0302 (CKK)*

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE MOTION OF DEFENDANT COMMISSIONER OF PATENTS, JON W. DUDAS ("DUDAS"), FOR DISMISSAL OR CONSOLIDATION OF KERSEY'S COMPLAINT**

George E. Kersey
P.O. Box 1073
Framingham, MA 01701
(781) 581-5103
*Plaintiff*

February 19, 2008

*This case originated as a Petition but has been converted into a civil action by virtue of the service of a summons with the complaint in compliance with Rule 4 FRCP

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**                                                    **ii**

**INTRODUCTION**                                                            **1**

**COUNTER STATEMENT OF BACKGROUND**                                         **2**

**LEGAL ARGUMENT**                                                          **5**

  I. THE STANDARD OF REVIEW                                        **5**

  II. Kersey's Filings Have not Been Malicious                     6

  III. Kersey's Complaint in Case 06-0416 States a Valid Claim

      for Damages Under the Constitution          8

  IV. Kersey is Entitled to a Trial by Jury                        10

  V. Judicial Immunity Does not Apply                              11

     A. There has Been a Coordinated Pattern,

       Not a Series of Isolated Events        13

     B. The Acts Alleged Violate the Fifth and

       Fourteenth Amendments                  13

VI. Kersey's Complaint in Case 06-0416 States

    A  First Amendment Claim                                 17

VII.    Kersey's Complaint in Case 07-302 States a Valid Claim

      for Damages Under 42 USC 1983                  18

**CONCLUSION**                                                              **19**

**Certificate of Service**                                                  **19**

TABLE OF AUTHORITIES

Cases

*Bartel* v. *FAA*, 725 F.2d 1403, 1415 (D.C. Cir. 1984)..............................................14
*Bivens* v. *Six Unknown Named Agents of the*
    *Federal Bureau of Narcotics,* 403 U.S. 388 (1971) ........................3, 5, 8, 14
*Board of Regents* v. *Roth,* 408 U.S. 564 (1972)......................................13, 14, 16
*Bradley v. Fisher*, 13 Wall. 335, 354, (1871) ........................................................11
*Carter v. Telectron, Inc.*, 452 F. Supp. 944 (S.D. Tex. 1977) ...............................6
*Conley* v. *Gibson,* 355 U.S. 41 (1957..................................................................5
*Crisafi v. Holland*, 655 F.2d 1305 (D,C, Cir. 1981).............................................6, 7
*Doe* v. *Department of Justice, 753* F.2d 1092 (D.C. Cir. 1985)........................14, 17
*Duhart v. Carlson,* 469 F.2d 471 (10th Cir. 1972)
    cert. denied, 410 U.S. 958, 93 S. Ct. 1431, 35 L.Ed.2d 692 (1973)...................6
*Ex parte Virginia*, 100 U.S. 339 (1880)...............................................................12
*Forrester v. White*, 484 U.S. 219, 228-229 (1987)................................................11
*Galloway* v. *United States*, 319 US 372,388-389 ...............................................10
*Glidden Co.* v. *Zdanok*, 370 U.S. 530, 572 ........................................................10
*Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975)........................................6
*In re Kersey,* 842 A.2d 121 (N.H. 2004).................................................................1
*In re Kersey,* 402 F.3d 217 (1st Cir. 2005)..............................................................1
*Kersey v. Under Secretary of Commerce,* No. 02-2331 (GK) (D.D.C. 2005)
    affd, No. 051272 (Fed. Cir. 2007).....................................................................4
*Kersey v. Commissioner of Patents,Further Proceeding* D2004-05
    Before The Under Secretary Of Commerce.........................................................8
*Kartseva* v. *Department of State*, 37 F.3d 1524 (1995)......................................6, 16
*Lehman v. Nakshian,* 453 U.S. 156, 161 (1981)...................................................10
*Maljack Prods., Inc.* v. *Motion Picture Ass 'n of Am., Inc.,*
    52 F.3d 373 (D.C. Cir. 1995)...........................................................................5
*McElrath v. United States*, 102 U.S. 426, 440.....................................................10
*Mosrie* v. *Barry,* 718 F .2d 1151 (D. C. Cir. 1983)..............................................15
*Mountain States Legal Foundation* v. *Bush,* 306 F.3d 1132 (D.C. Cir. 2002)..............5
0 *'Donnell* v. *Barry,* 148 *F.3d* 1126 *(D.C. Cir.* 1998) .............................13, 15, 16, 17
*Orange* v. *District of Columbia,* 59 F.3d 1267 (1995) ......................................11, 15
*Paul* v. *Davis*, 424 U.S. 693 (1976)................................................................13, 14
Pulliam v. Allen, 466, U.S. 522 (1984). ...............................................................12
*Saucier* v. *Katz,* 533 U.S. 194 (2001)................................................................16
*Siegert* v. *Gilley,* 500 U.S. 226'( 1991)...............................................................15
*Snyder v. Massachusetts*, 291 U.S.97, 105 (1934) ...............................................9
*Stump v. Sparkman*, 435 U.S. 350, 364-365 (1978)..............................................11
*Supreme Court of Virginia* v. *Consumers Union of United States, Inc.,*
    446 U.S. 719 (1980)........................................................................................12
*Theriault v. Silber*, 574 F.2d 197 (5th Cir. 1978)
    cert. denied, 440 U.S. 917, 99 S.Ct. 918, 59 L.Ed.2d 468 (1979).......................6
*Trifax Corp.* v. *District of Columbia*, 314 F.3d 641 (D.C. Cir. 2003)... ...................15
*Van Meter v. Morgan*, 518 F.2d 366 (8th Cir.)
    cert. denied, 423 U.S. 896, 96 S.Ct. 198, 46 L.Ed.2d 129 (1975) .......................6

**US CONSTITUION**

First Amendment……………………………………………………………...…………  17

Fifth Amendment……………………………………………………………...…  9, 10, 13

Seventh Amendment…………………………………………...…………………...……10

Fourteenth Amendment……………………………………………...…………......9, 10, 13


**STATUTES**

35 USC 32…………………………………………………………………………...……2

**RULES**

37 CFR 10.157…………………………………………………………………………….2

US District Court, District of Columbia Local Rule 213 …………………..…………...…..2

US District Court, District of Columbia Local Civil Rule 40.5(b)……………………………5

New Hampshire Rule of Professional Conduct 3.4 (c)……………………………...…….3

New Hampshire Rule of Professional Conduct 5.5 (a),……………………………………3

## INTRODUCTION

Defendant, Jon W. Dudas, the Defendant Commissioner of Patents ("Dudas") has improperly moved for dismissal of Kersey's Complaint in Civil Action No. 07-302 (CKK). as "malicious". Yet, at the same time, Dudas alternatively would" consolidate" No. 07-302 into Civil Action No. 06-416 (EGS). If Civil Action No. 07-302 (CKK) is truly malicious, why should it be consolidated into another case? It would appear that the characterization of Kersey's case as malicious is defamatory and seeks to prejudice the Court against Kersey

Moreover, although Dudas is seeking dismissal, he is not the only defendant in Civil Action No. 07-302 (CKK). Also included as defendants are Toupin and Moatz of the U>S. Patent Office; Judges and associates of the Supreme Court of New Hampshire, in their individual capacities, identified in In re Kersey, 842 A.2d 121 (N.H. 2004) as Duggan, Nadeau and Dalianis and DeHart; Judges and associates of Supreme Judicial Court Massachusetts, in their individual capacities; Terence M. Troyer, assistant bar counsel of the Massachusetts Bar; Judges and associates of the First Circuit Court of Appeals, acting in their individual capacities with respect to improper actions by New Hampshire with the Judges identified in In re Kersey, 402 F.3d 217 (1st Cir. 2005).

By virtue of Kersey's amendment to the complaint in Civil Action No. 07-302 (CKK), the cause of action is violation of Kersey's Civil Rights under Title 42, with that cause of action directly against State Court actors and applicable to Federal Court actors by virtue of their adoption of false findings by state court judges.

While Kersey's cases allege overlapping facts, they are based on different causes of action and seek relief that is applicable to the separate causes of action. Moreover, since Dudas seeks to have the Complaint in Civil Action No. 07-302 (CKK), dismissed as

"malicious" that contention should be decided by the Judge in Civil Action No. 07-302 (CKK).

Kersey acknowledges that he was contacted by phone regarding Dudas' motion and indicated he opposed the motion because the matters are distinct as involving different causes of action

### Counter Statement of Background

On or about September 5, 2006, Kersey filed **PETITION FOR REVIEW OF AN ORDER EXCLUDING GEORGE E. KERSEY, FROM PRACTIVE BEFORE THE UNITED STATES PATENT OFFICE.** This was done pursuant to 37 CFR 10.157 which provides that a Petition may be filed naming the Commissioner of Patents ("Dudas") pursuant to 35 USC 32 and Local Rule 213 (of the District Court). Kersey mailed copies of the Petition by Regular Mail, as indicated in the Certificate of Service for the Petition, to U.S. Patent and Trademark Office, Commissioner for Patents, P.O. Box 1430 Arlington, VA 22215; Attorney General of the United States,    U.S. Department of Justice 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; Kenneth L. Waintstein United States Attorney,555 4th Street, NW,   Washington, DC 20530. Kersey received correspondence from the clerk indicating that the case had been docketed as Misc. No. 06-0416 (EGS), hereafter "EGS"..

When Kersey failed to receive an answer to the Petition in EGS he made a Motion for Summary Judgment, which resulted in a motion on behalf of Dudas to dismiss the Petition on the basis that the Petition, which had been sent by mail in accordance with the customary procedure for a Petition, as opposed to a complaint,  had not been served with a Summons..

After the Court ruled that  Kersey would be given time to serve the Summons, he

contacted the clerk to request a summons, but was told that a summons is not needed for a Petition. However, Kersey provided the clerk with a copy of the Judge's Order in EGS which indicated that the Petition should be served with a summons, like any civil action. Kersey then received a summons which he served in compliance with Rule 4. This action converted Kersey's action to a Complaint which he was entitled to amend before any Answer was made to the now Complaint.

Kersey then amended the Complaint on or about September 4, 2007, to include Court II which includes allegations against both Federal and State actors. While the allegations against the Federal actors are of the *Bivens* type, the allegations against the State actors must be construed as being for Constitutional violations of due process and first amendment rights. It surely is a violation of due process for Kersey to be punished on the basis of false findings of fact which are accepted by other actors in imposing unwarranted punishments, culminating in the disbarment of Kersey before the Patent Office, where he had practiced as a patent attorney since 1952. It surely is a violation of Kersey's First Amendment rights to punish him for repeatedly insisting and demonstrating that he had not violated New Hampshire Rules of Professional Conduct 3.4 (c) or Rules of Professional Conduct 5.5 (a),. Then falsely finding that he had and subjecting him to punishment.

Dudas contends the PACER docket sheet in EGS No. 07-302 indicated that Kersey filed another petition for review, besides the one of CKK No. 06-0302. That is correct because EGS was filed within the time period set for filing a Petition after an adverse Patent Office action. However, Kersey also had asked for reconsideration of the Patent Office action, but the Patent Office did not act on the requested reconsideration until about a year later, and then denied it. Kersey then filed a petition that became CKK

3

to contest the denial of the request for reconsideration. This Petition was also served by mail on the Commissioner of Patents; the Attorney General and the United States Attorney, with no response. However, on or about November 28, 2007, in no. 07-302, Judge Kollar-Kottelly ordered Kersey to serve process with a summons by December 28, 2007, and Kersey complied.

Dudas acknowledges that on or about  December 27, 2007, the Office of the United States Attorney was served with Kersey's "Amended Petition and Complaint and Request for Jury Trial," dated December 22, 2007, and captioned "Misc. No. 07-302 (CKK)". Kersey has now further amended No. 07-302 (CKK) as a Complaint and converted it to a claim under Title 42, since a plaintiff is entitled to amend a complaint before answer.

While Dudas is correct in stating that Kersey unsuccessfully challenged the USPTO's decision to suspend him for six months from practice before the agency. Kersey v. Under Secretary of Commerce, No. 02-2331 (GK) (D.D.C. Jan. 31, 2005) (granting summary judgment to USPTO), affd. No. 051272 (Fed. Cir. Apr. 6, 2007).that decision is clearly in error as violating stated decisions of the Federal Circuit

Finally, it is incorrect for Dudas to state :"The fact that Plaintiff's Amended Petition for Review was dated December 22, 2007, which is several months after Plaintiff filed the action, suggests that Plaintiff never served the original version of his Petition on this Office". The original version of the Petiton was sent by first class mail in accordance with the practice for Petitions. The Amended Petition was served with a summons by certified mail in accordance with the requirement for a Complaint pursuant to the order of the Court. The original action was filed in EGS on or about September 5, 2006, which is more than a year earlier and that Petition was mailed to the U.S. Attorney and others in

4

keeping with the accepted practice for Petitions, as opposed to the complaints which are now before the Court by virtue of the service of Summons in compliance with Rule 4 for the service of complaints.

Moreover, Dudas admits that the complaints in 07-302 and 06-416 are not identical. The difference between the two has been emphasized by the latest amendment to 07-302.

Dudas objects: "It does not appear from the docket sheet in either proceeding that Plaintiff filed a Notice of Related cases pursuant to Local Civil Rule 40.5(b)." Kersey believed that Local Civil Rule 40.5(b) applied only to civil cases, not petitions. The two cases became civil cases only after the Court ordered that they be served with summonses.

Finally, Dudas contends: "Now fully briefed and pending before the Court in No. 06-416 (EGS) is Defendant's motion to dismiss count two, i.e., the _Bivens_ claims." This motion is improper. As noted above Count II is not restricted to being a _Bivens_ claim because it names actors, including State actors who are not represented by Dudas' counsel

## LEGAL ARGUMENT

### I.  The Standard of Review

The Court must deny a motion to dismiss unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." _Conley_ v. _Gibson,_ 355 U.S. 41,45-46 (1957); _Mountain States Legal Foundation_ v. _Bush,_ 306 F.3d 1132, 1134 (D.C. Cir.2002). The Court must accept as true all facts alleged in the complaint, and give the plaintiff the benefit of all reasonable inferences from those facts. _Id.; MaljackProds., Inc._ v. _Motion Picture Ass'n of Am., Inc.,_ 52 F.3d 373,375 (D.C. Cir. 1995).

In the event there are factual questions must be settled in order to resolve any disputed contentions, Kersey is entitled to a jury determination of any such disputes and

he also is entitled to discovery on that question. *Id.; Kartseva* v. *Department of State,* 37

F.3d 1524, 1530 & n.21 (1995).

II.    **Kersey's Filings Have not Been Malicious**

As stated in CRISAFI v. HOLLAND, 655 F.2d 1305, 1309 (D.C. Cir. 1981),

SALVATORE G. CRISAFI, APPELLANT, v. GEORGE E. HOLLAND, ET AL.'No.

81-1315 United States Court of Appeals, District of Columbia Circuit., decided June 17,

1981 ("*Crisafi*"), cited by Dudas, Motion, page 3

> Section 1915(d) also authorizes immediate dismissal of a complaint appropriately
> characterized as malicious. A complaint that threatens violence or that contains
> disrespectful references to the court falls in this category. Cf. Theriault v. Silber,
> 574 F.2d 197 (5th Cir. 1978) (striking notice of appeal containing disrespectful
> and impertinent references to the trial judge), cert. denied, 440 U.S. 917, 99 S.Ct.
> 918, 59 L.Ed.2d 468 (1979).

Kersey's documents do not threaten violence or contain disrespectful references to the

Court. *Crisafi* continues:

> A complaint plainly abusive of the judicial process is properly typed malicious.
> "[N]o one, rich or poor, is entitled to abuse the judicial process." Hardwick v.
> Brinson, 523 F.2d 798, 800 (5th Cir. 1975). A complaint that merely repeats
> pending or previously litigated claims may be considered abusive, and a court
> may look to its own records to determine whether a pleading repeats prior claims.
> See, e. g., Van Meter v. Morgan, 518 F.2d 366 (8th Cir.) (affirming dismissal
> based on finding by district court that a prior complaint, then pending, was based
> on same conduct by same defendant), cert. denied, 423 U.S. 896, 96 S.Ct. 198, 46
> L.Ed.2d 129 (1975); Duhart v. Carlson, 469 F.2d 471 (10th Cir. 1972) (approving
> trial court's dismissal of a complaint, prior to service of process, on the ground
> that the plaintiffs sought to relitigate issues already litigated), cert. denied, 410
> U.S. 958, 93 S.Ct. 1431, 35 L.Ed.2d 692 (1973). For flagrant examples of
> abusive resort to the courts, see Carter v. Telectron, Inc., 452 F.Supp. 944
> (S.D.Tex. 1977) in which the plaintiff (who had commenced 178 actions across
> the country in 15 years) had filed duplicative suits simultaneously in several
> courts, varied his citizenship allegations to invoke federal diversity jurisdiction,
> failed to serve defendants, made untrue allegations of poverty, and submitted
> papers raising the spectre of forgery.

It is to be noted that even if Kersey's cases were **ultimately identical**, which they are not, as even acknowledged by Dudas (Motion, page 3, lines 1-4), under *Crisafi* they "**may**" be considered abusive, and a court **may** look to its own records to determine whether a pleading repeats prior **claims**.

It is to be noted for the *Crisafi*  test once must look to the **claims**, and not merely the allegations. Kersey has amended his cases to emphasize that the claims in the cases are different .

Accordingly Dudas proposed order is a clear violation of *Crisafi* because  it orders CKK to be " DISMISSED as malicious because it repeats the material **allegations** Plaintiff raises in his prior filed action (emphasis added)" *Crisafi* is concerned with prior claims, not prior allegations

Kersey's submissions do not abuse the judicial process, as described above. Kersey filed a Petition for Review in 2006 after the Patent Office improperly excluded him from further practice based on false findings of fact by the Supreme Court of New Hampshire, followed by the Patent Office despite Kersey's showing of the falsity of those findings, as recognized by New York and New Jersey. Kersey had also filed a request for Reconsideration with the Patent Office because the decision was not made by Dudas, as required by the law, but was delegated to the General Counsel, who was not authorized by law and had a conflict of interest since his attorneys had represented the Patent Office. The Patent Office did not act upon the request for reconsideration until 2007, well after the filing of the original Petition which had gone unanswered. When Kersey received the denial of his Request for Reconsideration in 2007 he filed a Petiton asking foir review of that. His letter t the Clerk of this court **July 19, 2007 was sent byVia Priority Mail**

7

<u>Office</u> of clk  United States District CourtFor the District of Columbia333

**Constitution Avenue, NW, Washington, DC 20001** Re:   <u>Kersey v. Commissioner of</u>

<u>Patents,Further Proceeding D2004-05 Before The Under Secretary Of Commerce.and</u>

<u>stated:</u>

> **Enclosed is my Petition (in duplicate and double punched at the top of each)**
>
> **for Review of a decision of June 27, 2007 affirming an Order Excluding**
>
> **George E. Kersey from Practice Before the United States Patent Office**

In addition since Kersey's Petitions have been converted to civil complaints by

the service of summonses with complaints, and have been amended (before answer) to

make distinct claims in each case, there is no basis for dismissal

*Crisafi* emphasizes:

> But a complaint filed in forma pauperis is not subject to dismissal simply because
> the plaintiff is litigious. The number of complaints a poor person files does not
> alone justify peremptory dismissal. In each instance, the substance of the
> impoverished person's claim is the appropriate measure.

> Kersey had practiced before the Patent Office since 1952 and his exclusion from

that practice has impoverished him.

## III. Kersey's Complaint States a Valid Claim for Damages Under *Bivens*

Dudas has previously contended there was a "failure to state a claim under

<u>Bivens"</u>,, with no citation   Kersey assumes that "Bivens" is a reference to *Bivens v. Six*

*Unknown Named Agents*, 403 U.S. 388 (1971) where the Supreme Court ruled that an

implied cause of action existed for an individual  deprived of a right under the

Constitution  despite the lack of any federal statute authorizing such a suit. The existence

of a remedy for the violation was implied from the importance of the right violated.

8

## Amendment 5 – of the Federal Constitution Provides:

. . . nor shall any person. . . be deprived of life, liberty, or property, without due process of law. . ..

In 1934, the United States Supreme Court held that due process is violated "if a practice or rule offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental" *Snyder v. Massachusetts*, 291 U.S. 97, 105 (1934).

Kersey surely has a right of due process from reliance by the named Defednants on any decsion based on false findings of fact

Dudas has argued further that Kersey's Fifth Amendment claim should be dismissed on several different theories. Failure to state a claim under the Administrative Procedure Act, lack of jurisdiction due to sovereign immunity, absolute immunity, qualified immunity, lack of personal jurisdiction, insufficiency of service.

Kersey's Fifth Amendment claim, applicable to State actors by the Fourteenth Amendment, modified the original Petition as a result of the requirement that Kersey serve a summons and proceed with the requirement for a Civil Action. As a result Kersey Amended his Complaint and seeks a Jury Trial for issues that are triable by a jury

Dudas has sought dismissal on the ground that he can join "a motion to dismiss a claim brought against his employees". None of the persons named in the 5th and 14th amendmen claims are employees of the Commissioner, although two of them (Toupin and Moatz) are employed by the United States Patent and Trademark Office. However, the remainder of the Defendants have no connection with the United States Patent and Trademark Office However, Dudas has stated: "the Defendants named in Count II joined the motion". Accordingly all of the defendants have appeared.

## IV. Kersey' is Entitled to a Trial by Jury

It is important to note that Kersey is entitled to a jury trial because this Court is opbligated to uphold the Constitution of the United States, **Article the ninth** [Amendment VII] which states:

> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

Kersey's suit under the 5th and 14th amendments is <u>not against the government</u>, it is against <u>named individuals</u>, who have acted in their individual capacities to deprive Kersey of rights that he is entitled to have under the U.S. Constitution, for which Kersey is seeking monetary damages in excess of twenty dollars from the named individuals.

Although <u>Lehman v. Nakshian</u>, 453 U.S. 156, 161 (1981) stands for the proposition that "The constitutional guarantee of jury trials does not apply in civil cases against the government, and a separate waiver of sovereign immunity is required for a jury trial agianst [sic] the government." The basis of the holding in Lehman, is:

It has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government. In *Galloway v. United States*, 319 U.S. 372,388-389, the Court observed (footnotes omitted):

> "The suit is one to enforce a monetary claim against the United States. It hardly can be maintained that under the common law in 1791 jury trial was a matter of right for persons asserting claims against the sovereign. Whatever force the Amendment was therefore is derived because Congress, in the legislation cited, has made it applicable."

See also *Glidden Co. v. Zdanok*, 370 U.S. 530, 572; *McElrath v. United States*, 102 U.S. 426, 440. Moreover, the Court has recognized the general principle that "the United States, as sovereign, `is immune from suit save as it consents to be sued.

KERSEY IS NOT MAKING A MONETARY CLAIM AGAINST THE UNITED STATES. HE IS MAKING A MONETARY CLAIM AGAINST INDIVUALS WHO HAVE DEPRIVED, AND ARE

10

DEPRIVING, HIM OF HIS OF HIS RIGHT of DUE PROCESS OF LAW BY INDIVIDUALS WHO ARE RELYING ON DECSIONS BASED ON FALSE FINDINGS OF FACT. DECSIONS BASED ON SUCH FALSE FINDINGS OF FACT CAN HAVE NO PLACE IN A SYSTEM OF JUSTICE AND INDIVIDUALS WHO RELY ON SUCH DECSIONS ARE INDIVIDUAL RESPONSIBLE TO THE PLAINTIFF IN DAMAGES

Kersey surely has a right of due process from reliance by the named Defednants on any decsion based on false findings of fact

## V. Judicial Immunity Does Not Apply

In addition there is no Judicial Immunity for the wrongful acts of the kind Kersey complains of. The basis for the doctrine of judicial immunity is set forth in *Bradley v. Fisher*, 13 Wall. 335, 354, (1871), as applicable only to the exercise of judicial functions within the general scope of the jurisdiction of the court.

This proposition was affirmed in *Stump v. Sparkman*, 435 U.S. 350, 364-365 (1978), where the Supreme Court stated "It is established federal law that judges of general jurisdiction are absolutely immune from monetary liability 'for their <u>judicial</u> acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'" (Emphasis added). *Bradley v. Fisher*, 13 Wall. 335, 351.... "But the scope of judicial immunity is <u>limited</u> to liability for 'judicial acts,'" (Emphasis added).

In *Forrester v. White*, 484 U.S. 219, 228-229 (1987) the Supreme Court stated:

> As the *Bradley* Court noted: "Against the consequences of [judges'] erroneous or irregular action, from whatever motives proceeding, the law has provided for private parties numerous remedies, and to those remedies they must, in such cases, resort." *Ibid.*

Administrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts. In *Ex parte Virginia*, 100 U.S. 339 (1880), for example, this Court declined to extend immunity to a county judge who had been charged in a criminal indictment with discriminating on the basis of race in selecting trial jurors for the county's courts. The Court reasoned:

> "Whether the act done by him was judicial or not is to be determined by its character, and not by the character of the agent. Whether he was a county judge or not is of no importance. The duty of selecting jurors might as well have been committed to a private person as to one holding the office of a judge... That the jurors are selected for a court makes no difference. So are court-criers, tipstaves, sheriffs, &c. Is their election or their appointment a judicial act?" *Id.*, at 348.

Although this case involved a criminal charge against a judge, the reach of the Court's analysis was not in any obvious way confined by that circumstance.

Likewise, judicial immunity has not been extended to judges acting to promulgate a code of conduct for attorneys; *Supreme Court of Virginia v. Consumers Union of United States, Inc.*, 446 U.S. 719 (1980). In explaining why legislative, rather than judicial, immunity furnished the appropriate standard, we said: "Although it is clear that under Virginia law the issuance of the Bar Code was a proper function of the Virginia Court, propounding the code was not an act of adjudication but one of rulemaking." *Id.* at 731. Similarly, in the same case, we held that judges acting to enforce the Bar Code would be treated like prosecutors, and thus would be amenable to suit for injunctive and declaratory relief. Id., at 734-737. Cf. Pulliam v. Allen, 466, U.S. 522 (1984). Once again, it was the nature of the function performed, not the identify of the actor who performed it, that informed our immunity analysis.

In the present case, the actions of the Defendants have denied Kersey f his right to a just  decision under a Bar Code. The making of false findings to disbar Kersey is not a

12

judicial act, but in the nature of an administrative or non-judicial act for which the defendants are personally liable.

### A. There has Been a Coordinated Pattern  Not a Series of Isolated Events

A pattern of government abuse, where one court after another follo0wed the wrongful decision by Judges of the New Hampshire Supreme Court, culminating in Kersey's exclusion from practice before the Patent Office , has brought about Kersey's inability to earn a living in violation of the Fifth Amendment. There has been  a torrent of releases to the Internet about Kersey's disbarments which have ruined Kersey's current and future employment prospects.

As a result, Kersey has not been able to secure gainful employment in his field of expertise, namely as a Patent Attorney. These allegations more than sufficiently state a claim under the Fifth and Fourteenth Amendments.

### B. The Acts Alleged Violate the Fifth and Fourteenth Amendments

The D.C. Circuit has recognized two distinct actions under the liberty component of the due process clause. The first, "usually termed a 'reputation-plus' claim," applies when defamatory government statements are made "in the course of the termination of employment." *O'Donnell* v. *Barry*, 148 F.3d 1126 (D.C. Cir. 1998). The second applies when "adverse employment action and a stigma or other disability. . . [have] foreclosed [the plaintiff's] freedom to take advantage of other employment opportunities." Kersey has a claim under both theories.

1. *Reputation-Plus*

The reputation-plus standard derives from *Paul* v. *Davis*, 424 U.S. 693 (1976), and *Board of Regents* v. *Roth*, 408 U.S. 564 (1972). In *Paul*, the plaintiff alleged that local police chiefs had violated his liberty rights by circulating a flyer identifying plaintiff as an "active shoplifter[]." 424 U. S. at 695. The Court found that plaintiff's claim of

13

defamation, "standing alone and apart from any other governmental action with respect to him," failed to state a claim. *Id* at 694. In *Roth,* the Court explained that the liberty component of due process did not encompass a university's decision not to rehire a nontenured professor without more. 408 U.S. at 569. Emphasizing that "without doubt," the liberty guaranteed by the due process clause "denotes. . .the right of the individual. . . to engage in any of the common occupations of life," the Court observed that in Roth's case, the university "did not make any charge against him that might seriously damage his standing and associations in his community. It did not base the nonrenewal ,of his contract on a charge, for example, that he had been guilty of dishonesty, or immorality."

*Id.* at 572-73. "Had it done so," the Court explained, "this would be a different case. For where a person's good name, reputation, honor, or integrity is at stake because of what the government is doing to him, notice and an opportunity to be heard are essential." *Id.* at 573.

As the D.C. Circuit observed, *"Paul* explicitly recognized that the combination of government defamation plus the failure to rehire or the discharge of a government employee states a liberty interest claim even if the discharge itself deprives the employee of no property interest protected by the fifth or fourteenth amendments." *Doe* v. *Department of Justice,* 753 F.2d 1092, 1106-07 (D.C. Cir. 1985). In *Doe,* the D.C. Circuit had "no difficulty concluding that Doe's liberty interest claim satisfies the *Paul* v. *Davis* standard," where Doe, a former Justice Department attorney, had been terminated for "unprofessional conduct and dishonesty," and she had alleged that the public dissemination of those charges "stigmatized her professional reputation and foreclosed future employment opportunities." *Id.* at 1110.

The D.C. Circuit reached the same result in *Bartel* v. *FAA,* 725 F.2d 1403, 1415 (D.C.Cir. 1984). Bartel, a former FAA air safety inspector, brought a due process liberty claim against another FAA official under *Bivens,* alleging the latter official had disclosed

information damaging to Bartel's professional reputation, and as a result he was denied government employment for which he was qualified *Id.* at 1406-07 (also alleging Privacy Act violation because damaging information was contained within an FAA record). Recognizing that "denial of a government job" in combination with "wrongful dissemination of information which results in injury to reputation" implicates a protected liberty interest, the court vacated the district court's dismissal. *Id.* at 1414-15.

*Siegert* v. *Gilley,* 500 U.S. 226, 233-34 (1991) (which rejecting liberty interest claim where defamation was not alleged to have been incident to termination of employment) does not apply to the defamation and termination of empl;oyment by not being able to practice before the Patent Office .

To be sure, "isolated defamatory statements" unconnected to adverse employment action cannot support a liberty interest claim. 0 *'Donnell,* 148 F.3d, at 1140. *See also Siegert* at 234 (rejecting liberty claim wrere the defamatory letter was written several weeks after Siegert resigned); *Mosrie* v. *Barry,* 718 F.2d 1151, 1161 (D.C. Cir. 1983) (defamation must be "accompanied by" adverse employment action).

This case does not involve a defamatory speech delivered to a high school assemblymonths before a demotion *(0 'Donnell),* or a question of whether a defamatory memorandum regarding professional mlsconduct was disseminated widely enough to stigmatize plaintiffs' reputations, *see Orange* v. *District of Columbia,* 59 F.3d 1267, 1274-75 (1995). This case involves - disseminated around the world by the Internet of Kersey's disbarment and exclusion to practice based on false findings of fact.

### 2. *Stigma or Disability*
Kersey also has stated a claim under the "stigma or disability" theory. Under this

second liberty claim standard, due process is required when an "adverse employment action and 'a stigma or other disability. . . foreclosed [the plaintiffs] freedom to take advantage of other employment opportunities.'" *O'Donnell*, 148 F.3d at 1141 (quoting *Roth*, 408 U.S. at 573-74) (alteration in original). The stigma can be proven by showing (or at this stage, alleging) that the challenged conduct either (1) has "formally or automatically excluded [the plaintiff] from work on some category of future [government] contracts or from other government employment opportunities," or (2) has had "the broad effect oflargely precluding [the plaintiff] from pursuing her chosen career." *Kartseva* v. *Department of State*, 37 F.3d 1524, 1528 (1995).

The Court held "that Kartseva has alleged sufficient facts regarding violation of her liberty interest by State to survive a motion to dismiss." *Id.* at 1527.3 In *Kartseva*, largely because the case arose in the context of a motion to dismiss, the court was ill-equipped to resolvethe constitutional claim

Most generally, the defendants were personally involved in the decisions and actions that have prevented Kersey"from obtaining employment in his field of expertise and training. The fact that Kersey has been precluded from finding work in his chosen field suffices fore a claim under the second basis of the "stigma or disability" liberty standard.

*Saucier* v. *Katz*, 533 U.S. 194,202 (2001) ("The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." (emphasis added)). If thelaw of this circuit makes clear that breaking down someone's door without a warrant or probable cause violates the Fourth Amendment, it does not

16

matter for qualified immunity purposes whether the conceptual basis for the constitutional right derives from Blackstone's Commentaries, comments of the Framers, or an application of originalist interpretation. Here, *O'Donnell* itself, along with *Doe* and other D.C. Circuit cases, defined in detail the scope of the liberty interest protected by the reputation-plus theory.

Moreover, the lack of clarity regarding the conceptual basis of the "reputation-plus" theory says nothing about the "stigma or disability" theory, and the law with respect to the latter theory was clearly established prior to defendants' depriving Kersey of his right to work in the field of his chosen profession. In short, prior to the violations alleged in the complaint, controlling law in this circuit specifically prohibited the conduct individual defendants engaged in to deprive Kersey of his due process liberty rights. Qualified immunity must be denied for all named and unnamed defendants.

## VI. Kersey' **Complaint States a First Amendment Claim**

### A. TheConduct Alleged  Violated Kersey's First Amendment Rights

Kersey is being punished for his exercise of free speech pursuant to the first amendment by pointing out that the New Hampshire Bar disbarment on which the other disbarments are based was based on false findings of fact.

## VII . Kersey' **Complaint in 07-302 now States a Civil Rights Claim**

As noted above, complaint 07-302 was originally filed in 2007 as a Petition for review of the action by the Patent Office in 2007 **denying reconsideration** of the improper decision in 2006 excluding Kersey from practice from the Patent Office. The 2006 decision has improperly relied on disbarments based on false findings of fact, as recognized by New York and New Jersey, and has ignored the actions taken by New Jersey and New York.

After the exclusion was handed down Kersey filed a Petiton for review in this Court which became complaint 06-0416 and also asked for Patent Office reconsideration which not denied until about a year later in 2007.

In any event Kersey was order to serve a summons in case 06-0416, which converted the Petition to a Civil Action. Since a Civil Action can be amended before answer, Kersey has done so and amended the case to calim a violation of Kersey Civl Rights under 42 USC 1983 which provides:

## *§ 1983. Civil action for deprivation of rights*

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Those persons, acting in their indivual capcities, who acted administratively under Bar Codes and made and relied upon false findings of fact in disbarring Kersey have

18

violated Kersey Civil Rights.

CONCLUSION,

WHEREFORE, Plaintiff George E. Kersey respectfully asks the Court to DENY the Relief requested by Defendant Dudas, Commissioner of Patents.

An oral hearing is requested

DATED: February 20, 2008

Respectfully submitted

By:  George E. Kersey, Plaintiff
P.O. Box 1073
Framingham, MA  01701

Certificate of Service

I hereby certify that I caused a copy of the foregoing **MEMORANDUM IN OPPOSITION BY PLAINTIFF, GEORGE E. KERSEY ("KERSEY") TO THE MOTION OF DEFENDANT JON W. DUDAS ("DUDAS") TO THE DISMISSAL OR CONSOLIDATION OF KERSEY'S COMPLAINT** to be served upon the following by first class mail addressed to:

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530

on this _23_ day of February 2008

George E. Kersey

19

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  | ) | |
|---|---|---|
| GEORGE E. KERSEY, | ) | |
| Plaintiff, | ) | Civil Action No.: 07-0302 (CKK) |
| v. | ) | |
| COMMISSIONER OF PATENTS, et al. | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

The Court has considered the Individual Defendant's Motion to Dismiss

the Complaint, the Memoranda of Points and Authorities in support thereof, and the

Memorandum of Points and Authorities in Opposition, which was submitted by plaintiff

George E. Kersey. After consideration of all the parties' arguments, the Court finds that in

his Complaint has alleged facts sufficient to support a claim under 42 USC 1983.

Accordingly,

IT IS HEREBY ORDERED:

That the Individual Defendant's Motion to Dismiss is hereby DENIED.

Dated_____, 2008

_____
United States District Judge