UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GEORGE E. KERSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Misc. Action No. 06-416 (EGS) |
| ) | |
| COMMISSIONER OF PATENTS, ) | Misc. Action No. 07-302 (CKK) |
| U.S. PATENT AND TRADEMARK OFFICE ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT'S REPLY IN SUPPORT OF AMENDED MOTION TO DISMISS
AS MALICIOUS OR IN THE ALTERNATIVE TO CONSOLIDATE**

Respondent, Jon W. Dudas, the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office ("USPTO"), respectfully files this reply in support of his motion to dismiss as malicious Misc. Action No. 07-302 (EGS). The USPTO moved to dismiss this action as duplicative of an earlier filed and still pending action, Misc. Action No. 06-416 (EGS). Both matters were filed by the same *pro se* Petitioner and both involve the same agency decision(s). Plaintiff's opposition is insubstantial and admits most of the facts demonstrating the overlap between the two cases. And there could be little better illustration of the abusiveness of his duplicative litigation than the fact that he filed his opposition twice. Compare Plf. Opp. no. [11] with Plf. Opp. no [13] (both captioned with docket number 07-0302 only).

The core of Plaintiff's opposition to the instant motion is that he has named a separate deciding official in one of his cases and that one case includes a Bivens claim. These differences, even taken at face value, do not justify separate cases. The overlap in facts is

substantial, the agency decision at issue is the same, and the relief requested is certainly overlapping at a minimum.  Accord Plf. Opp. no. [11] at 11 of 29 (admitting that "Kersey's cases allege overlapping facts[.]"); id. at 28 of 29.  His argument that it somehow matters that he filed his first case as a miscellaneous action but the Court subsequently converted it to a civil action is without moment.  For one thing, Local Rule 40.5(b)(3) explicitly includes "miscellaneous" actions, and more importantly, it is the substance of his duplicative litigation that is malicious, not the label.

Notably, Plaintiff has no explanation for why he never filed a notice of related cases.  Cf. id. at 15 of 29 (arguing that he did not think he needed to at first because he thought his cases were not "civil actions").  The Local Rule creates an on-going obligation, not simply at the time of filing.  See L.Cv.R. 40.5(b)(3) ("Whenever").

Plaintiff's assertion that Defendant's motion is "defamatory" is itself baseless, frivolous and malicious.

Finally, Plaintiff's opposition fails to explain how dismissal or consolidation will prejudice him in any way.  It will not, but will instead provide a unified platform to resolve whether he has any viable claims regarding his disbarment by the USPTO.

The balance of Plaintiff's opposition is so insubstantial that no reply is necessary. Much of it repeats his earlier responses to issues raised in other filings in the two cases, e.g., the merits of his Bivens claim and his request for a jury trial.

It should be clear that it will be far easier for the Court to dismiss this case or, doing essentially the same thing, consolidate it into the earlier filed case.  Neither option will prejudice Plaintiff.  Plaintiff's current trajectory unnecessarily abuses the system, burdens the USPTO, and

risks inconsistent judicial outcomes.

March 10, 2008                               Respectfully submitted,

 

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204, alan.burch@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that service of the foregoing Respondent's Reply in Support of Amended Motion to Dismiss as Malicious or in the Alternative to Consolidate, Supporting Memorandum, and Proposed Order were served on *pro se* Petitioner via first class mail addressed to:

George E. Kersey
P.O. Box 1073
Framingham, MA 01701

on this 10th day of March 2007.

      /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney